UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:19-cv-0535-JES-NPM

PERRY BECKER, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.     **DISPOSITIVE MOTION**

PRO CUSTOM SOLAR LLC, d/b/a
MOMENTUM SOLAR,

      Defendant
_____/

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") respectfully moves to dismiss the complaint ("Compl.") filed by plaintiff Perry Becker ("Plaintiff") in the above-captioned matter, in its entirety, for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12(b)(6). In support of its motion, Defendant respectfully submits the following incorporated memorandum of law.

**INTRODUCTION**

Plaintiff purports to bring a lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA") yet fails to plead non-conclusory allegations that—even if accepted as true—would establish a TCPA claim.

*First*, Plaintiff fails to establish that Defendant initiated the purported phone calls. It goes without saying that, if Plaintiff seeks to hold Defendant liable for supposed TCPA violations, Plaintiff should at least plead facts establishing that Defendant called Plaintiff. Plaintiff makes no effort to do so, and this deficiency is fatal to each of Plaintiff's putative claims.

1

But that is not where the shortcomings in Plaintiff's theory ends. That is only where they begin.

*Second*, to the extent Plaintiff is traveling under some sort of vicarious liability theory, Plaintiff fails to establish that the initiating caller(s) can bind Defendant to TCPA liability through a principal-agency relationship. Plaintiff does not allege any non-conclusory facts showing actual authority, apparent authority, or ratification. Plaintiff does not adequately allege that Defendant controlled the manner and means of the calls (actual authority), caused Plaintiff to reasonably believe he was speaking with a Defendant agent (apparent authority), or affirmatively approved of the callers' actions within an already-existing agency relationship (ratification). Plaintiff's failure to plead those facts precludes him from relying on a theory of agency liability.

*Third*, Plaintiff fails to state a prima facie TCPA claim because Plaintiff fails to plead a TCPA violation. In an effort to gloss over this failure, Plaintiff tersely concludes that Defendant made unlawful use of an automatic telephone dialing system ("ATDS"). However, Plaintiff's failure to provide even the most basic of facts to support this self-serving conclusion necessitates dismissal. Plaintiff's allegation that there was a pause after he picked up the phone is simply not enough to meet the pleadings standard to assert a TCPA class action. Courts throughout the country have considered those same allegations and reached the same outcome requested by Defendant's motion: dismissal.

*Fourth*, Plaintiff's second count fails for the separate and independent reason that it relies on specific conditions that are not pled. Plaintiff fails to substantiate his conclusion that he received multiple telephone solicitations, because he fails to describe the substance of his calls. Although the complaint alleges that Defendant made follow-up calls, Plaintiff does not (and, in fact, cannot) claim that these follow-up calls violated the TCPA. He also fails to plead facts

showing that he received these calls on a residential landline, an essential element for his second count.

In sum, Plaintiff's complaint is a textbook example of a minimalistic pleading that fails to state a claim. It should therefore be dismissed.

## RELEVANT ALLEGATIONS

A significant portion of Plaintiff's complaint is dedicated to legal argument and general reference to TCPA case law. *See* Compl. ¶¶ 11-24. What follows below is a summary of the fact allegations actually germane to this litigation, which are accepted as true for the purposes of this motion.

On June 27, 2019, Plaintiff received a call on his cellular phone. *Id.* at ¶ 25. Though Plaintiff concludes Defendant "initiated" the call, he immediately (and repeatedly) contradicts that same conclusion. For example, the complaint relies on unverified review from someone in Idaho that complains Defendants "use[s] Indian telemarketers to robocall individuals on Do Not Call list." *Id.* at ¶ 27. The complaint further states that Plaintiff was "transferred" to a live person who tried to sell him solar panels, although not necessarily Defendant's solar panels. *Id.* at ¶ 28. In sum, Plaintiff relies on a xenophobic Idahoan and a phone call generally involving solar panels.

Of curious note, Plaintiff appears to have expressed interest in Defendant's services and requested to be called by Defendant. *See id.* at ¶¶ 28-32. Plaintiff does not allege that he rejected the purported sales pitch. Plaintiff does not allege that he demanded Defendant cease calling him until July 8, 2019. *Id.* at ¶ 33.

# **LEGAL ARGUMENT**

A complaint can only survive pre-answer dismissal if it contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Sufficient factual matter" requires more than merely inserting a defendant's name alongside the claim's requisite elements. *Id.* "'Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.'" *Sbrocco v. Hartford Ins. Co.*, No. 2:19-cv-0059, 2019 U.S. Dist. LEXIS 136291, at *4 (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)).

**I.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA AND HIS COMPLAINT SHOULD THEREFORE BE DISMISSED IN ITS ENTIRETY.**

Plaintiff fails to satisfy the *Iqbal* and *Twombly* pleading standards. Those standards require, at a minimum, that Plaintiff plead facts establishing that Defendant called him using an ATDS. *See, e.g.*, *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012) (citing 47 U.S.C. § 227(b)(1)(A)); *see also* 47 C.F.R. § 64.1200(a)(1) & (2).

Plaintiff does not plead facts showing that Defendant initiated the subject calls; quite the opposite. He also does not plead facts showing that the caller was acting as Defendant's agent. Moreover, he does not plead facts showing—even if Defendant did initiate the calls or was otherwise responsible via agency—that the calls were made via an ATDS. For any one of these separate and independent reasons, dismissal is warranted.

### A. Defendant is not directly liable for the calls, because Plaintiff fails to plead facts showing that Defendant physically initiated them.

Though the TCPA holds parties liable who initiate violative telemarketing, that requires proving that the defendant physically placed the call. *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582 (2013). A "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id.* at 6583.

Plaintiff does not plead facts to support his conclusory allegation that Defendant placed the call. Plaintiff pleads that he received a call, does not describe the substance of that call (prior to his being transferred) at any length, and contends—upon information and belief—that the phone number displayed on his CallerID belongs to Defendant. Those allegations do not satisfy the pleading requirements because it fails to establish the essential element that Defendant placed the call. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) ("A person or entity 'initiates' a telephone call [under the TCPA] when 'it takes the steps necessary to physically place a telephone call.' Accordingly, a seller generally does not 'initiate' calls placed by [alleged] third-party telemarketers.") (internal citation omitted); *Wick v. Twilio Inc.*, No. 16-cv-0914, 2017 U.S. Dist. LEXIS 107936, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product.").

Given that the complaint does not allege sufficient facts to show that Defendant physically placed the calls at issue, this Court should follow the weight of authority holding that the TCPA claims should be dismissed. *See, e.g.*, *Gulden v. Consol. World Travel Inc.*, No. 16-cv-1113, 2017 U.S. Dist. LEXIS 23350, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claims where plaintiff

"offer[ed] no factual support" for conclusion that the defendant was the "source of the alleged calls," and ruling that because "identity is a necessary element of all of Plaintiff's claims, this deficiency warrants dismissal of all of Plaintiff's claims"); *Childress v. Liberty Mut. Ins. Co.*, No. 17-cv-1051, 2018 U.S. Dist. LEXIS 167281, at *3 (D.N.M. Sept. 28, 2018) (no direct TCPA liability where "there [were] no factual allegations that [d]efendant actually made the telephone call at issue"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 987–88 (N.D. Cal. 2014) (dismissing where "no facts alleged showing why plaintiff believe[d] [defendants] were responsible for specifically identified calls that used prerecorded voices in violation of the TCPA"), *aff'd in part*, 670 F.App'x 573 (9th Cir. 2016).

To further cement this failure, Plaintiff cites anonymous Internet reviews that allege, if anything, a foreign company contacted him. Even if the Court were to accept the allegations of "M Grubb" from Twin Falls, Idaho, such allegations directly and fundamentally contradict Plaintiff's conclusory allegation that Defendant contacted him. Compl. ¶27. Plaintiff's inability to reconcile his own allegations leaves him unable to satisfy the pleading requirement. *See, e.g.*, *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (rejecting the plaintiff's ATDS allegations, notwithstanding a high number of alleged calls, where the ATDS allegations were contradicted by other allegations in the complaint); *Martin v. Kovalcin*, 16-cv-0406, 2016 U.S. Dist. LEXIS 195289, at *5 (C.D. Cal. June 20, 2016) (dismissing TCPA complaint due to the "inconsistent allegations regarding the nature of [d]efendants' solicitations"); *see also Hernandez v. Select Portfolio, Inc.*, No. 15-cv-1896, 2015 U.S. Dist. LEXIS 82922, at *24 (C.D. Cal. June 25, 2015) ("Contradictory allegations such as these are inherently implausible, and fail to comply with Rule 8.").

It further bears noting that Plaintiff claims the initiating caller transferred him to Defendant, which highlights that the initiating caller was anyone in the world besides Defendant. A transferee is not a call's initiator. As discussed below, merely being a transferee is insufficient to establish an agency relationship with the call's initiator.

**B.  Defendant is not vicariously liable for the calls, because Plaintiff fails to plead that the callers were acting as Defendant's agent.**

Plaintiff fails to plead facts sufficient to raise, beyond a speculative level, that Defendant is vicariously liable for the alleged call. When a plaintiff seeks to establish vicarious liability under the TCPA, the plaintiff must rely upon common-law agency principles: actual authority, apparent authority, and ratification. *Cunningham v. Capital Advance Sols., LLC*, No. 17-cv-13050, 2018 U.S. Dist. LEXIS 197590, at *16 (D.N.J. Nov. 20, 2018).

Plaintiff must plead facts that, if proven true, would make Defendant liable for another party's TCPA violation. "[S]ufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-7129, 2018 U.S. Dist. LEXIS 52328, at *5 (N.D. Cal. Mar. 28, 2018); *Abramson v. 1 Glob. Capital, LLC*, No. 15-cv-61373, 2015 U.S. Dist. LEXIS 181721, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing vicarious-liability TCPA claim because the allegations "were conclusory in nature" and "merely stated, without legal support, that third parties were regularly utilized by telemarketers"). Plaintiffs' failure to do so calls for dismissal of his action.

> 1.  *Plaintiff fails to plead any non-conclusory facts establishing that the initiating callers acted with Defendant's actual authority.*

There is nothing in Plaintiff's complaint that suggests Defendant conferred actual authority on the unknown entity that may have called Plaintiff in violation of the TCPA. "'Essential to the existence of an actual agency relationship is: (1) acknowledgment by the principal that the agent

7

will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent.'" *Marchisio v. Carrington Morg. Servs., LLC,* 919 F.3d 1288, 1311 (11th Cir. 2019) (quoting *Goldschmidt v. Holman,* 571 So.2d 422, 424 n.5 (Fla. 1990).

Pleading actual authority for a TCPA claim requires pleading facts to show that the defendant controlled the manner and means of the agent's telemarketing. *Warciak v. Subway Rests., Inc.*, No. 1:16-cv-8694, 2019 U.S. Dist. LEXIS 32357, at *6 (N.D. Ill. Feb. 28, 2019) (dismissing TCPA actual-authority claim because "[n]otably absent from the complaint [were] any facts alleging that [defendant] controlled the timing, content, or recipients of the text message").

Here, Plaintiff does not advance a single allegation supporting a vicarious liability theory. Plaintiff does not allege that a contract existed between Defendant and the initiating callers.[1] He does not allege that Defendant identified the targeted recipients, authored the advertising scripts, set forth specific benchmarks, or dictated the use of certain technology. The absence of such allegations, or any allegations supporting a vicarious liability theory, is fatal to Plaintiff's actual-authority theory. *See Jenkins v. Nat'l Grid USA*, No. 15-cv-1219, 2017 U.S. Dist. LEXIS 49365, at *21-22 (E.D.N.Y. Mar. 31, 2017) (pointing to the extensive, specific facts that must be alleged for an agency theory to survive pre-answer dismissal).

Even if inference is stacked atop inference, Plaintiff would still fail to plead facts sufficient for an agency claim. For example, Plaintiff alleges he received a call and was then (eventually) transferred to Defendant. Compl. ¶ 28. This fails to state an agency claim. *See, e.g.*, *Childress*, 2018 U.S. Dist. LEXIS 167281, at *10-11 ("The transfer of the call, however, does not establish

---

[1] Had Plaintiff pled the existence of a contract, that still would not have sufficiently alleged the existence of an agency relationship within the realm of TCPA claims. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ("[T]he existence of a contract between CCL and Adsource—even one that imposes certain constraints on Adsource—does not necessarily mean that CCL had the power to give 'interim instructions' to Adsource, the hallmark of an agency relationship.").

that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship between the transferor and Defendant.") (citing *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018)).

### 2. *Plaintiff fails to plead any non-conclusory facts establishing that the initiating caller acted with Defendant's apparent authority.*

Plaintiff's alternative apparent-authority theory fares no better than his attempt to invoke direct authority. "Plaintiffs must prove three elements to establish an apparent agency: (1) a representation by the purported principal; (2) a reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation.'" *Marchisio,* 919 F.3d at 1312 (citing *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995)).

The communications giving rise to apparent authority must come from the purported principal if Plaintiff hopes to maintain his TCPA claim. *Broking v. Green Brook Buick GMC Suzuki*, No. 15-1847, 2017 U.S. Dist. LEXIS 134026, at *25 (D.N.J. Aug. 22, 2017) ("An agent's actions cannot establish apparent authority, however."); *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678, 679-80 (9th Cir. 2014) (holding in a TCPA case that plaintiff's vicarious-liability claim fails because she "has not shown that she reasonably relied, much less to her detriment, on any apparent authority with which [the defendant] allegedly cloaked [the telemarketers]").

Plaintiff's complaint does not discuss any communications, whatsoever, between Plaintiff and Defendant that even suggest the initiating caller acted with Defendant's authority. All Plaintiff pleads is that Defendant passively received his already-initiated call via transfer. Plaintiff therefore fails to plead that Defendant is liable for this call by way of apparent authority. *See Broking*, 2017 U.S. Dist. LEXIS 134026, at *24-25 (rejecting the plaintiff's apparent-authority

9

theory due to the absence of any communications that could have manifest the reasonable belief an agency relationship existed).

> 3. *Plaintiff fails to plead any non-conclusory facts establishing that the initiating caller is an agent by way of ratification.*

Plaintiff's streak of failing to support his agency theory continues with his failure to sufficiently plead ratification. "'Ratification, as applied to the law of agency, is the adoption or affirmance by a principal of the acts of his agent, either expressly, as by a written act, or impliedly, as by acceptance of the benefits of the contract.'" *Molinos Valle Del Cibao, C. po A. v. Lama,* 633 F. 3d 1330, 1355 (11th Cir. 2011)(quoting *Spurrier v. United Bank,* 359 So.2d 908, 910 (Fla. 1st DCA 1978)

Plaintiff does not allege that Defendant assented to the conduct of the phantom caller(s). He also fails to allege any circumstantial facts indicating assent. For example, Plaintiff does not allege that Defendant accepted any benefits flowing from the calls. Plaintiff would have struggled to raise such an allegation, because no benefits appear to have been available.

Plaintiff also does not allege that Defendant, assuming it had assented to the caller's conduct, did so with knowledge of same. "Even if a principal ratifies an agent's act, the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citing *Restatement (Third) of Agency* § 4.01); *see also Klein v. Just Energy Grp., Inc.*, No. 14-cv-1050, 2016 U.S. Dist. LEXIS 84447, at *38-40 (W.D. Pa. June 29, 2016) (rejecting the plaintiff's ratification arguments due to a failure to show the defendant's knowing assent).

Moreover, Defendant can only be liable through ratification if Plaintiff first establishes that an agency relationship exists. *Thomas*, 582 Fed. App'x at 680. "[W]hen an actor is not an agent

and does not purport to be one, the doctrine of ratification does not apply." *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-3261, 2019 U.S. Dist. LEXIS 46429, at *23 (N.D. Cal. Mar. 20, 2019) (internal quotations omitted). Plaintiff is unable to establish the existence of an agency relationship, for reasons expressed in greater detail within the preceding subsections, and therefore fails to establish this necessary element for ratification-based liability.

In sum, there are no agency-based theories available to Plaintiff given his failure to plead non-conclusory facts essential for proving same. Plaintiff thus fails to state a claim for vicarious liability.

> C. **Plaintiff fails to plead that his callers, whoever they might be, violated the TCPA through the use of an ATDS.**

Even if one assumes that Plaintiff's callers were either Defendant's agents or Defendant itself, Plaintiff still fails to plead a TCPA claim. The TCPA makes it unlawful for any person "to make any call (other than a call made . . . with the prior express consent of the called party) using any [ATDS] . . . (iii) to any telephone number assigned to a . . . cellular telephone service. . . ." 47 U.S.C. 227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

Terse, conclusory allegations of ATDS usage are insufficient. "Even though it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff, nevertheless, must allege facts that would allow a court to plausibly infer that a defendant used an ATDS." *Hazan v. Wells Fargo & Co.*, No. 18-cv-10228, 2019 U.S. Dist. LEXIS 72748, at *3-4 (D.N.J. Apr. 30, 2019).

Courts consistently grant motions to dismiss complaints alleging violations of the TCPA where the plaintiff has merely recited the statutory language and has failed to provide details supporting use of an ATDS. *See Spiedel v. JP Morgan & Chase Co.,* NO. 2:13-cv-0852, 2014 U.S. Dist. Lexis 18437, at * 5-6 (M.D. Fla. Feb. 13, 2014) (granting dismissal motion due to the plaintiff's insufficient ATDS allegations); *Montinola v. Synchrony Bank,* No. 17-cv-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018); *Trenk v. Bank of Am.*, No. 17-cv-3472, 2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017).

Plaintiff appears to believe this conclusion supports his ATDS theory, but courts across the country hold otherwise. *See, e.g.*, *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks, 'delays,' or 'dead air' on the other end of the line."); *Smith v. Aitima Med. Equip., Inc.*, No. 16-0339, 2016 U.S. Dist. LEXIS 113671, at *18 (C.D. Cal. July 29, 2016) ("One call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level."); *Danehy v. Jaffe & Asher, LLP*, No. 5:14-cv-60, 2015 U.S. Dist. LEXIS 32579, at *22 (E.D.N.C. Mar. 17, 2015) (rejecting TCPA claim where plaintiff merely alleged "presence of 'hesitation' on the other end of the line").

It should be noted, Plaintiff's "pause" allegation—even if deemed non-conclusory—only satisfies half the ATDS definition. It is not enough to allege facts establishing that a call is dialed via machine. Plaintiff must have been selected at random, or in some sequential order (*e.g.*, 239-123-4567, followed by 239-123-4568), by a machine capable of storing telephone numbers. "[A] device only qualifies as an ATDS under the TCPA if it has the present ability to generate random or sequential telephone numbers and dial them." *Gonzalez v. Ocwen Loan Servicing, LLC*, 5:18-cv-0340, 2018 U.S. Dist. LEXIS 153480, at *22 (M.D. Fla. Sept. 5, 2018).

As a final point, that Plaintiff apparently expressed interest in Defendant's services cuts against any ATDS inference. *See* 47 U.S.C. 227(a)(1) (defining ATDS as device that dials at random or sequentially). A party called because he expressed interest in a potential transaction is not a party called via random or sequential cycling.

## II. THE SECOND COUNT SHOULD BE DISMISSED FOR INDEPENDENT REASONS.

There are three reasons why Plaintiff's second count should be dismissed even if his overall complaint is ruled to sufficiently state a claim.

### A. Plaintiff fails to plead facts showing that he received telephone solicitations.

For a TCPA claimant to sufficiently plead that he received telemarking calls to a telephone line listed on the National Do-Not-Call Registry ("NDNCR"),[2] it naturally follows that the claimant must plead facts to support his claim that the calls constituted telemarketing.

"The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ." 47 U.S.C. § 227(a)(4). If a plaintiff fails to plead facts sufficient to cast a telephone call as a telephone solicitation, then the plaintiff's claim must be dismissed. *See Norman v. N. Ill. Gas Co.*, No. 13-cv-3465, 2014 U.S. Dist. LEXIS 5908, at *6-8 (N.D. Ill. Jan. 16, 2014) (dismissing plaintiff's complaint for failing to establish that "the calls were made for solicitation of business"); *Joseph v. ARS Nat'l Servs., Inc.*, No. 1:13-cv-4123, 2014 U.S. Dist. LEXIS 189467, at *20-21 (N.D. Ga. Feb. 21, 2014) (same).

Plaintiff's complaint provides no facts—whatsoever—that indicate the calls subsequent to June 27, 2019, were telephone solicitations. That is fatal to his claim.

---

[2] The TCPA prohibits any person or entity from initiating any "telephone solicitation" to a "residential telephone subscriber" who has registered his or her telephone number on the NDNCR. 47 C.F.R. 64.1200(c)(2).

13

> To survive a motion to dismiss, Plaintiff must adequately allege that the calls received were unsolicited advertisements as that term is defined in the TCPA. Plaintiff does not describe the calls, but simply avers that the calls were made "for the purpose of soliciting for [Defendant's] products or services." This is nothing more than a conclusion, which *Twombly* specifically prohibits. Without "further factual enhancement," Plaintiff's allegation that the calls were unsolicited advertisements is insufficient to survive a motion to dismiss.

*Gulden*, 2017 U.S. Dist. LEXIS 23350, at *7 (internal citations omitted); *see also Spiedel,* 2014 U.S. Dist. Lexis 18437 at *6 ("[P]laintiff has failed to identify the nature of the calls; thus, it is impossible to know if the automated calls were unlawful or exempt by rule of order.").

Plaintiff does not discuss what services or goods were offered via these calls, under what terms, and at what price. Plaintiff does not discuss how the calls could be construed as encouraging a business transaction, even assuming goods or services were mentioned during the calls. Were the callers attempting to pitch solar panels in an aggressive, "always be closing" manner? Or were they attempting to contact someone other than Plaintiff for other reasons entirely? A reader of the complaint is left wondering.

Assuming Defendant is liable for these calls (an assumption disposed of in prior sections), Plaintiff's complaint merely alleges that he received telephone calls; it does not allege that he received telephone solicitations. *See Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."). The TCPA does not prohibit telephone calls of all types and purpose. The TCPA only restricts certain types of telephone solicitations. *See Shupe v. Capital One Bank USA NA*, No. 16-cv-0571, 2018 U.S. Dist. LEXIS 183456, at *13-14 (D. Ariz. Oct. 25, 2018)

(granting defendant's summary-judgment motion given the plaintiff's failure to offer any evidence illustrating the purpose of the alleged telephone solicitations).

      **B.    Plaintiff appears to have invited the calls forming the basis of his second count, which in turn requires that count to be dismissed.**

One cannot cry NDNCR violation if that person invites the telephone calls. As noted above, Plaintiff must establish that the alleged phone calls were "telephone solicitations" if his second count is to survive dismissal.

A call made at the consumer's request is, by definition, not a telephone solicitation. A telephone solicitation "does not include a call or message: (i) To any person with that person's prior express invitation or permission; [or] (ii) To any person with whom the caller has an established business relationship . . . ." 47 C.F.R. § 64.1200(f)(14)(i)-(ii). "Established business relationship" in turn means "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the . . . subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5).

Given that Plaintiff appears to have placed such an inquiry during the June 27, 2019 call, and given that all subsequent calls came within three months,[3] there is no "telephone solicitation" that can give rise to Plaintiff's NDNCR claim. *Gray v. Morgan Drexen, Inc.,* No. 2:13-cv-0083, 2014 U.S. Dist. LEXIS 78079, at *7 (M.D. Fla. June 9, 2014) ("'[T]elemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be

---

[3]    Plaintiff alleges that, on July 8, 2019, he expressly told Defendant to cease calling him. Compl. ¶ 33. TCPA regulations allow a 30-day window for telemarketers to honor a consumer's do-not-call request. 47 C.F.R. 64.1200(d)(3). The last call mentioned in Plaintiff's complaint was made on July 19, 2019, Compl. ¶ 34, well within the 30-day window.

15

reached.'") (quoting *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 7. F.C.C.R. 8752, ¶ 31 (1992)).

### C. Plaintiff fails to state an NDNCR claim because he fails to plead facts establishing that the calls were placed to a residential landline.

The TCPA only prohibits calls made to telephone numbers listed on the NDNCR if those numbers are associated with a "residential telephone subscriber." 47 C.F.R. 64.1200(c)(2). Neither the TCPA statute nor regulation defines this term. *See Bank v. Indep. Energy Grp. LLC*, No. 12-cv-1369, 2014 U.S. Dist. LEXIS 141141, at *5 (E.D.N.Y. Oct. 2, 2014) ("While 'residential telephone lines' are singled out for special treatment throughout many sections of the TCPA, neither the statute nor the enacting regulations provide a definition for the phrase, and the plain language of the statute is not helpful in arriving at a definition."). The TCPA's unhelpfulness notwithstanding, courts have developed certain principles that are pertinent to this case.

If a claimant uses his telephone line for both personal and business reasons, then he is barred from bringing an NDNCR claim. *See Shelton v. Target Advance LLC*, No. 18-cv-2070, 2019 U.S. Dist. LEXIS 64713, at *15-16 (E.D. Pa. Apr. 16, 2016) ("The Phone Number is also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry.").

In the case here, Plaintiff fails to allege any facts establishing his is a residential telephone line. Plaintiff fails to even assert, in conclusory fashion, that his cellular telephone is a residential line. That is fatal to Plaintiff's claim.

Plaintiff also concedes that his is a cellular telephone. Plaintiff's second count should therefore be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court grant its motion to dismiss Plaintiff's complaint.

DATED: August 22, 2019

Respectfully submitted,

By: s/ Josh Migdal
Josh Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of August 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Josh Migdal*
Josh Migdal, Esq.