UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:19-cv-00535-JES-NPM

**PERRY BECKER**,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

**PRO CUSTOM SOLAR LLC D/B/A MOMENTUM SOLAR**,

       Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) | 10/15/2019 |
| Motions to Add Parties or Amend Pleadings | 11/15/2019 |
| Disclosure of Expert Reports | Plaintiff: 3/1/2020<br><br>Defendant: 3/15/2020 |
| Plaintiff's Motion for Class Certification | 4/15/2020 |
| Defendant's Response to Motion for Class Certification | 5/15/2020 |
| Plaintiff's Reply in Support of Motion for Class Certification | 6/1/2020 |
| Discovery Deadline | 6/15/2020 |
| Dispositive and *Daubert* Motions | 7/1/2020 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | 9/16/2020 |

| | |
|---|---|
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form) | 9/26/2020 |
| All Other Motions (including motions in limine and trial briefs) | 10/17/2020 |
| Trial Term | November 2020 |
| Estimated Length of Trial [trial days] | 4 days |
| Jury/Non-Jury | Jury |
| Mediation | Deadline:  3/31/2020<br><br>Mediator: TBD by agreement of counsel<br><br>Address: TBD<br><br>Telephone: TBD |
| Parties Consent to Proceed Before a Magistrate Judge | No |

## I.    MEETING OF PARTIES IN PERSON

Lead counsel and any unrepresented parties must meet *in person* and not by telephone absent an order permitting otherwise. The meeting shall take place in the Middle District of Florida unless counsel and any unrepresented parties agree on a different location. Counsel and any unrepresented parties hereby certify that a meeting was held on September 17, 2019 at 3:30 p.m. and was attended by:

| | |
|---|---|
| Manuel Hiraldo | Plaintiff |
| Name | Counsel for/party |
| Yaniv Adar | Defendant |
| Name | Counsel for/party |

## II. INITIAL DISCLOSURES

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A)-(D) by October 15, 2019.

## III. ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

__X__   No party anticipates the disclosure or discovery of ESI in this case.

_____   One or more of the parties anticipate the disclosure or discovery of ESI in this case.

## IV. AGREED DISCOVERY PLAN

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

  <u> X </u> Yes

  <u>   </u> No  Amended Certificate will be filed by <u>       </u> (party) on or before <u>     </u> (date).

  **B.**  **Discovery Not Filed**

  The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

  **C.**  **Limits on Discovery**

  Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:  **Not Applicable.**

  **D.**  **Discovery Deadline**

  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:  **Please see proposed deadlines included in schedule above.**

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **Please see proposed deadlines included in schedule above.**

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as

follows: **The Parties anticipate the potential need for a confidentiality agreement, and agree to work cooperatively to draft and execute such an agreement should the need arise.**

    G.      **Other Matters Regarding Discovery**

Defendant's Statement:

On September 16, 2019, Defendant filed a motion to dismiss Plaintiff's first amended complaint.  That motion remains pending.  Defendant requested that Plaintiff consent to a discovery stay during the pendency of the dismissal motion; plaintiff did not consent.  On September 23, 2019, Defendant filed a motion to stay and/or bifurcate discovery.  That motion remains pending.  Defendant anticipates requesting limited, short-term adjournments of discovery deadlines (e.g., the deadline for responding to plaintiff's interrogatories) until the motion to stay and/or bifurcate discovery is decided.

Plaintiff's Statement:

Plaintiff opposes Defendant's request to stay this matter pending its motion to dismiss or bifurcation of discovery in this matter.  Plaintiff similarly opposes any request to adjourn discovery based on Defendant's motion to stay and/or bifurcate.

    V.      **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

    A.      **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    \_\_\_\_\_ Yes—binding

    \_\_\_\_\_ Yes—non-binding

    <u>X</u>     No

    B.      **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator as set forth in the table above, and they have agreed to the date stated in the table above as the last date for mediation. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

C.   Settlement

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

D.   Other Alternative Dispute Resolution

The parties intend to pursue the following other method(s) of alternative dispute resolution:

Date: October 9, 2019

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties

| /s/ Ignacio J. Hiraldo<br>Ignacio J. Hiraldo<br>IJH LAW<br>Florida Bar No. 0056031<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>Email: ijhiraldo@ijhlaw.com<br>Telephone: 786.496.4469<br>*Counsel for Plaintiff* | /s/ Thomas J. Cotton<br>Thomas J. Cotton (*pro hac vice*)<br>SCHENCK, PRICE, SMITH & KING, LLP<br>220 Park Avenue, P.O. Box 991<br>Florham Park, NJ 07932-0991<br>Tel: (973) 539-1000<br>tjc@spsk.com<br><br>*Counsel for Defendant* |