UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERRY BECKER, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                              Case No:   2:19-cv-535-FtM-29NPM

PRO CUSTOM SOLAR LLC,

    Defendant.

## ORDER

This matter comes before the Court on the Motion for Protective Order to Temporarily Stay Discovery and/or to Bifurcate Individual and Class Discovery, filed on September 23, 2019. (Doc. 19). Plaintiff Perry Becker filed a Response in Opposition on October 4, 2019. (Doc. 22). For the following reasons, the Court denies the Motion.

Plaintiff filed this class action against Defendant Pro Custom Solar LLC under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* In the Amended Class Action Complaint, Plaintiff alleges that Defendant utilized automatic telephone dialing systems to place thousands of calls to the cellular telephones of Plaintiff and other class members. (Doc. 13 at 2). Plaintiff seeks injunctive relief and statutory damages. (*Id.*).

On September 16, 2019, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 18). In the Motion to Dismiss, Defendant argues that Plaintiff failed to state a claim under the TCPA by failing to plead facts that Defendant initiated the subject calls, the caller was acting as Defendant's agent, and the calls were made via an automatic telephone dialing system. (*Id.* at 5-13). Additionally, Defendant

argues that Count II – a violation of the TCPA by soliciting Plaintiff and class members who are on the do-not-call registry – should be dismissed because Plaintiff failed to plead facts showing he received telephone solicitations; Plaintiff appears to have invited the calls; and, Plaintiff fails to state a claim that the calls were made to a residential landline. (*Id.* at 13-17).

Here, Defendant requests that the Court temporarily stay all discovery until its pending motion to dismiss is decided. (Doc. 19 at 1). Defendant argues that a ruling on the pending motion to dismiss may resolve the entire case and, if so, then a stay would obviate the need for costly discovery. (*Id.* at 2). Alternatively, Defendant requests that the Court bifurcate class and individual discovery and only permit discovery related to the individual Plaintiff to proceed until the motion to dismiss is decided. (*Id.* at 4-5).

Plaintiff argues the motion to dismiss is unlikely to be successful and Defendant did not assert any prejudice if discovery is permitted to continue. (Doc. 22 at 2). In addition, Plaintiff argues that any bifurcation of discovery will only lead to multiple discovery disputes.

Courts have broad discretion to stay discovery and to manage the cases pending before them. *See* Fed. R. Civ. P. 26(b)(1) (recognizing the scope of discovery may be "limited by court order"); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS,

2016 WL 7423139, *1 (M.D. Fla. Mar. 23, 2016) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

"A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Oy Ajat Ltd. v. Genoray Co.*, No. 6:16-CV-869-ORL-37DCI, 2016 WL 8996940, *2 (M.D. Fla. Nov. 14, 2016) (citation omitted). The moving party bears the burden of showing good cause for the stay. *Id.* (citing Middle District Discovery (2015) at (I)(E)(4)). In making its decision, a court must take a "preliminary peek" at the merits of the motion to dismiss to determine if it appears "'clearly meritorious and truly case dispositive.'" *Id.* (citation omitted).

Here, the motion to dismiss merely asserts pleading deficiencies. Further, the Court's Case Management and Scheduling Order provides for a discovery deadline of June 15, 2020, and scheduled this matter for the November 2, 2020 trial term.

Weighing the harm to Plaintiff in delaying the case against the harm to Defendant if some or all of the motion to dismiss is granted, the Court finds in its discretion that a temporary stay and/or bifurcation of the individual and class discovery is not warranted at this juncture. In addition, the Court finds no benefit to bifurcating individual and class discovery during the pendency of the motion to dismiss and foresees only increased discovery issues, requiring court intervention to determine whether the discovery is directed to class or merits issues.

Accordingly, it is hereby **ORDERED**:

The Motion for Protective Order to Temporarily Stay Discovery (Doc. 19) and/or Motion to Bifurcate Individual and Class Discovery (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 16, 2019.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties