**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO:  2:19-cv-00535-FTM-28NPM**

**PERRY BECKER,**
individually and on behalf of all
others similarly situated,                                        **CLASS ACTION**

      Plaintiff,                                               **JURY TRIAL DEMANDED**

v.

**PRO CUSTOM SOLAR LLC d/b/a**
**MOMENTUM SOLAR,**

      Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

     Plaintiff Perry Becker, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Rules 3.01 and 3.04, moves to compel Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum" or "Defendant") to produce documents responsive to Plaintiff's First Request for Production and to provide responsive answers to Plaintiff's First Set of Interrogatories.

**I.   INTRODUCTION**

     In the five months since Plaintiff filed his original complaint in this Telephone Consumer Protection Act ("TCPA") matter, and over three months since Plaintiff served his discovery requests, Defendant has produced zero documents and not answered a single interrogatory. Instead, after requesting a month-long extension for its responses, Defendant responded to Plaintiff's discovery requests with a mass of boiler plate objections and self-serving interpretations of Plaintiff's requests. Respectfully, the Court should not condone Defendant's delay tactics, and should order Defendant to respond to Plaintiff's discovery.

1

## II.   FACTS

On September 17, 2019, the Parties met in person to prepare a case management report.   On September 18, 2019, Plaintiff served his First Set of Interrogatories and First Requests for Production, with responses due on October 18, 2019.  Defendant requested, and Plaintiff agreed to, a thirty-day extension to November 18, 2019.  In turn, Defendant agreed to not oppose a request to extend the deadline to amend pleadings and for Plaintiff's motion for class certification.  *See* [D.E. No. 26].  On October 22, 2019, the Court granted the requested extension, and extended the deadline to amend pleadings to December 15, 2019, and the deadline for Plaintiff's motion for class certification to April 15, 2020.

On November 19, 2019, a day after they were due, Defendant served its responses to Plaintiff's discovery requests.  *See*, Defendant's Answers and Responses to Plaintiff's Combined First Set of Discovery Requests ("Defendant's Responses"), attached as **Exhibit A.**  Defendant's Responses begin with six pages of "General Objections."  *See id.* at pgs. 2-7.  Each and every response then incorporates these objections and adds additional boiler plate objections.  *See id.* at pgs. 8-27.  To date, Defendant has not produced a single document in this matter.

## III.   LEGAL STANDARD

"Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court."  *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, at *11 (M.D. Fla. July 18, 2017) (*citing Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).  Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

2

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The rules "strongly favor full discovery whenever possible." *Brotz v. Simm Assocs.*, No. 6:17-cv-1603-Orl-40TBS, 2018 U.S. Dist. LEXIS 226954, at *4 (M.D. Fla. May 8, 2018) (*citing Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "The term 'relevant' is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Cinclips, LLC v. Z Keepers, LLC*, No. 8:16-cv-1067-T-23JSS, 2017 U.S. Dist. LEXIS 40251, at *3 (M.D. Fla. Mar. 21, 2017) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)); *see also Wright v. Dyck-O'Neal, Inc.*, No. 2:15-cv-249-FtM-38MRM, 2016 U.S. Dist. LEXIS 194902, at *4 (M.D. Fla. July 22, 2016).

Finally, "[t]he rules leave no place for generalized, nonspecific, boilerplate objections." *DeJesus v. Cigna Corp.*, No. 6:17-cv-1208-Orl-41TBS, 2017 U.S. Dist. LEXIS 209777, at *4 (M.D. Fla. Dec. 21, 2017); *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit[.]"); *Gonzalez v. Etourandtravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 U.S. Dist. LEXIS 40180, at *10 (M.D. Fla. Mar. 26, 2014) ("These objections are of the boilerplate, one size fits all variety, which this and other courts routinely reject.") (citing cases).

## IV.   ARGUMENTS FOR SPECIFIC INTERROGATORIES AND REQUESTS FOR PRODUCTION

## INTERROGATORY NO. 1:

Identify the total number of Phone Calls that have been sent. For each Phone Call, please identify the date, content, and telephone number of the recipient of the Phone Call, and describe how the

Phone Calls were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

## RESPONSE TO INTERROGATORY NO. 1:

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) it is otherwise unduly burdensome and harassing the extent it is unnecessarily compound and generally unintelligible. Defendant further specifically objects to this interrogatory on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

## ARGUMENT:

Plaintiff's First Set of Interrogatories to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* Plaintiff's First Set of Interrogatories to Defendant, attached as **Exhibit B**, at pg. 4. Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to Plaintiff's upcoming motion for class certification. The number of phone calls is relevant to establish that numerosity is met. The identity of the individuals is relevant to the "ascertainability" requirement. *See, e.g., Sliwa v. Bright House Networks, LLC,* No. 2:16-cv-235-FtM-29MRM, 2018 U.S. Dist. LEXIS 218993, at *21 (M.D. Fla. Feb. 14, 2018) (granting motion to compel in TCPA case and stating, "Even though Plaintiff is not required to identify all class members at this stage of the litigation, Plaintiff must be able to meet the Rule 23 requirements, including numerosity and ascertainability.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit B**, at pg. 6.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Six, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**INTERROGATORY NO. 2:**

Describe in detail the method or process by which Phone Calls were made. Your response should include, but not be limited to, a description of each stage of the transmission process for the

Prerecorded Messages.

**RESPONSE TO INTERROGATORY NO. 2:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii)  as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv)  as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; (v) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (vi) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

**ARGUMENT:**

Plaintiff's First Set of Interrogatories to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit B**, at pg. 4.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the words "method" or "process" are not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary.  Plaintiff is obviously seeking

information on how the calls were placed, and any confusion on Defendant's part is self-imposed.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit B**, at pg. 6.

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fifth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Six, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to

avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**INTERROGATORY NO. 3:**

Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

**RESPONSE TO INTERROGATORY NO. 3:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought;
(iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it did not collect or obtain Plaintiff's telephone number; therefore, Defendant does not have any information responsive to this interrogatory.

**ARGUMENT:**

First, this information is relevant to the issue of whether Defendant had the required "prior express written consent" to place the calls at issue.  *See* 47 C.F.R. § 64.1200(f)(8) (defining the required consent for telemarketing calls placed using and ATDS).

Second, the words "method" or "process" are not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary.  Plaintiff is obviously seeking information on Defendant obtained Plaintiff's phone number which it, or someone on its behalf, then called, and any confusion on Defendant's part is self-imposed.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant

used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, to the extent that Defendant used a non-party vendor to obtain Plaintiff's telephone number, Plaintiff's request specifically encompasses this scenario, and states "by which you **or anyone on your behalf** collected or obtained Plaintiff's telephone number."  (emphasis added). Defendant simply ignores this and limits its answer to whether it collected the number itself.

## INTERROGATORY NO. 4:

Describe in detail the method or process by which the Subject Phone Calls were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Phone Calls.

## RESPONSE TO INTERROGATORY NO. 4:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (v) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

## ARGUMENT:

Plaintiff's First Set of Interrogatories to Defendant defines "Subject Phone Calls" as "the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint

at ¶¶ 23; 28; 31; 33; 35." *See* **Exhibit B**, at pg. 4.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the words "method" or "process" are not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary.  Plaintiff is obviously seeking information on how the calls were placed, and any confusion on Defendant's part is self-imposed.

Third, the term "Subject Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit B**, at pg. 6.

Fourth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive

information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is inapplicable as this interrogatory is requesting information on "Subject Phone Calls" placed specifically to Plaintiff. Further, Defendant's claim is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**INTERROGATORY NO. 5:**

Identify who made the Subject Phone Calls to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 5:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation and (ii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking information within the possession, custody or control of Defendant or seeks information that is more readily available from other sources, including third parties.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding an appropriate scope for listing relevant custodians and witnesses and refers Plaintiff to the individuals specifically identified in the parties' respective Rule 26(a)(1) initial disclosures which identify persons who, upon information and belief, may possibly have information relevant to this Litigation.

**ARGUMENT:**

Plaintiff's First Set of Interrogatories to Defendant defines "Subject Phone Calls" as "the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35." *See* **Exhibit B**, at pg. 4.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, the term "Subject Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit B**, at pg. 6.

Second, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Finally, the Parties have met and conferred regarding this Interrogatory, and since that time Defendant has not supplemented its response.  Additionally, Defendant points Plaintiff to Defendant's Initial Disclosures.  Those disclosures only specifically identify one person, Adam Gugino, an employee of Defendant's.  *See,* Defendant's Initial Disclosures, attached as **Exhibit C.**

## INTERROGATORY NO. 6:

Describe the equipment used to make the Subject Phone Calls.

## RESPONSE TO INTERROGATORY NO. 6:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "equipment" is capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

**ARGUMENT:**

Plaintiff's First Set of Interrogatories to Defendant defines "Subject Phone Calls" as "the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35." *See* **Exhibit B**, at pg. 4.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the words "equipment" is not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary.  Plaintiff is obviously seeking information the type of equipment used to place the calls, and any confusion on Defendant's part is self-imposed.

Third, the term "Subject Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four

(4) years prior to the filing of the Complaint.  *See* **Exhibit B**, at pg. 6.

Fourth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response makes its own legal conclusion that because—according to Defendant—the equipment used to place the calls is not an ATDS under the TCPA, it does not have to respond to this request.  In *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, the Court rejected an almost identical argument and stated:

> Plaintiffs maintain that the question of which systems are an ATDS and which are not is a central dispute in this case, and Plaintiffs should not have to take Defendant's word about whether a particular system is or is not an ATDS. The Court agrees with Plaintiffs.

No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *8-9 (S.D. Fla. Nov. 9, 2017); see also *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6-7 (S.D. Fla. July 26, 2018) (overturning similar objection) (citing *Eisenband v. Credit Pros Int'l Corp.,* No. 18-CV-60053-BLOOM/LOUIS, 2018 U.S. Dist. LEXIS 106073, at *4 (S.D. Fla. June 25, 2018). "[As] Judge Valle and various other Courts dealing with similar discovery objections in TCPA class action cases have clearly stated, the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether Plaintiff is entitled to discovery." *Shapiro*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6.

**INTERROGATORY NO. 7:**
Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.

Your answer should include a description of how that equipment interacts with any equipment used to make the Subject Phone Calls.

## RESPONSE TO INTERROGATORY NO. 7:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "equipment" is capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to store any phone numbers.

## ARGUMENT:

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS."). The issue of how numbers are potentially relevant to the determination of whether the equipment used is an ATDS.

Second, the words "equipment" is not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary. Plaintiff is obviously seeking information the type of equipment used to place the calls, and any confusion on Defendant's part is self-imposed.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the

case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response makes its own legal conclusion that because—according to Defendant—the equipment used to place the calls is not an ATDS under the TCPA, it does not have to respond to this request.  In *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, the Court rejected an almost identical argument and stated:

> Plaintiffs maintain that the question of which systems are an ATDS and which are not is a central dispute in this case, and Plaintiffs should not have to take Defendant's word about whether a particular system is or is not an ATDS. The Court agrees with Plaintiffs.

No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *8-9 (S.D. Fla. Nov. 9, 2017); see also *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6-7 (S.D. Fla. July 26, 2018) (overturning similar objection) (citing *Eisenband v. Credit Pros Int'l Corp.,* No. 18-CV-60053-BLOOM/LOUIS, 2018 U.S. Dist. LEXIS 106073, at *4 (S.D. Fla. June 25, 2018). "[As] Judge Valle and various other Courts dealing with similar discovery objections in TCPA class action cases have clearly stated, the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether Plaintiff is entitled to discovery." *Shapiro*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6.

## INTERROGATORY NO. 8:

Have you ever received formal or informal complaints regarding Phone Calls? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

## RESPONSE TO INTERROGATORY NO. 8:

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or

to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "formal" and "informal complaints" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the interrogatory or others, from government agencies, or in the public domain.

**ARGUMENT:**

First, this request is relevant because,

under the TCPA, "[i]f the court finds that the defendant willfully or knowingly violated [the statute] . . . , the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount [otherwise] available." 47 U.S.C. § 227(b)(3). Both formal and informal prior complaints regarding conduct similar to that at issue in this case are relevant to these determinations.

*Bratcher v. Navient Sols., Inc.*, No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, at

*5 (M.D. Fla. Mar. 2, 2017).

Second, the words "formal" or "informal complaints" are not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary. Plaintiff is obviously seeking information on whether Defendant has received complaints regarding its phone calls and any confusion on Defendant's part is self-imposed.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request

in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit B**, at pg. 6.

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fifth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

## INTERROGATORY NO. 9:

Describe what type of consent or permission, if any, you obtained from Plaintiff to make the Subject Phone Calls prior to placing the calls.

## RESPONSE TO INTERROGATORY NO. 9:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (ii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation ; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

## ARGUMENT:

First, although Defendant has not yet filed an Answer in this matter, its Initial Disclosures make it clear that it will raise consent as an affirmative defense. *See* **Exhibit C** at pg. 3 (identifying Plaintiff as a witness stating, "and Becker's provision of his cellular and/or home telephone numbers and/or consent to be contacted to Momentum and other third parties."). Thus, as made clear by numerous cases examining this exact issue, Plaintiff is entitled to the evidence of consent that

Defendant intends to rely on.  *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *22 (S.D. Fla. Nov. 9, 2017) (citing *Thrasher v. CMRE Fin. Servs.*, No. 14-CV-1540 BEN (NLS), 2015 U.S. Dist. LEXIS 34965, at *12 (S.D. Cal. Mar. 13, 2015)); *DeJesus v. Cigna Corp.*, No. 6:17-cv-1208-Orl-41TBS, 2017 U.S. Dist. LEXIS 209777, at *8-10 (M.D. Fla. Dec. 21, 2017); *Cabrera v. Gov't Emples. Ins. Co.*, No. 12-61390-CIV, 2014 U.S. Dist. LEXIS 90810, at *29-31 (S.D. Fla. July 3, 2014).

Second, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Third, the term "Subject Phone Calls" does not have a "legal connotation" or "require a legal interpretation."  Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit B**, at pg. 6.

Finally, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

**INTERROGATORY NO. 10:**

Describe what type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to making the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 10:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation ; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

**ARGUMENT:**

First, although Defendant has not yet filed an Answer in this matter, its Initial Disclosures make it clear that it will raise consent as an affirmative defense. *See* **Exhibit C** at pg. 3 (indetifying Plaintiff as a witness stating, "and Becker's provision of his cellular and/or home telephone numbers and/or consent to be contacted to Momentum and other third parties."). Thus, as made clear by numerous cases examining this exact issue, Plaintiff is entitled to the evidence of consent that Defendant intends to rely on. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *22 (S.D. Fla. Nov. 9, 2017) (citing *Thrasher v. CMRE Fin. Servs.*, No. 14-CV-1540 BEN (NLS), 2015 U.S. Dist. LEXIS 34965, at *12 (S.D. Cal. Mar. 13, 2015)); *DeJesus v. Cigna Corp.*, No. 6:17-cv-1208-Orl-41TBS, 2017 U.S. Dist. LEXIS 209777, at *8-10 (M.D. Fla. Dec. 21, 2017); *Cabrera v. Gov't Emples. Ins. Co.*, No. 12-61390-CIV, 2014 U.S. Dist. LEXIS 90810, at *29-31 (S.D. Fla. July 3, 2014).

Second, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal

interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff.

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, see [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Finally, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

## INTERROGATORY NO. 11:

Describe the manner in which the list(s) of telephone numbers to which Phone Calls were made were compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

## RESPONSE TO INTERROGATORY NO. 11:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "list(s)" and "sources" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought;
(iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation;
(iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use, compile, or acquire a list of telephone numbers, as defined in the TCPA and/or interpreted by applicable

regulations, rules, and law.

## **ARGUMENT:**

Plaintiff's First Set of Interrogatories to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." See Exhibit B, at pg. 4.

First, this request is relevant to the issues of (1) consent, (2) the type of equipment used to place that calls at issue and whether that equipment qualifies as an ATDS, and (3) the numerosity, typicality, commonality, and ascertainability requirements of Rule 23.

Second, the words "list(s)" or "sources" are not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary. Plaintiff is obviously seeking information regarding how Defendant obtained the numbers to which it, or someone on its behalf, then placed calls and any confusion on Defendant's part is self-imposed.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. See, e.g., id. at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. See **Exhibit B**, at pg. 6.

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, see [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response that it "does not use, compile, or acquire a list of telephone numbers, as defined in the TCPA and/or interpreted by applicable regulations, rules, and law[,]" is unintelligible.  The TCPA does not define "list of telephone numbers."  Additionally, to the extent that Defendant seems to be limiting its response to exclude any non-party vendors, this is inappropriate as Plaintiff's request is not limited in that manner.

## INTERROGATORY NO. 12:

Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time the Subject Phone Call was made? If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Phone Call.

## RESPONSE TO INTERROGATORY NO. 12:

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) the terms "restrictions" and "Subject Phone Call" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

## ARGUMENT:

First, this request is relevant to whether Defendant's TCPA violations are "willful and knowing."  *See, e.g., Bratcher v. Navient Sols., Inc.*, No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, at *5 (M.D. Fla. Mar. 2, 2017).

Second, the words "restrictions" and "Subject Phone Call" do not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make.

23

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, given that this request that asks whether Defendant itself was aware of the TCPA, Defendant's objection that it might be asking it to seek information not in its possession, custody, or control is completely inapplicable, and just highlights the boiler plate nature of Defendant's responses.

## INTERROGATORY NO. 13:

Do you use third party marketing companies to make sales calls on Your behalf? If so, please identify them:

## RESPONSE TO INTERROGATORY NO. 13:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the phrase "third party marketing companies" is vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as used, the phrases "sales calls" and "on Your behalf" have legal connotations and would require a legal interpretation; (iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any "third party marketing companies" as that term is defined in the Requests, who are involved with telemarketing.

## ARGUMENT:

First, this request is relevant to how the calls at issue were made, and whether Defendant used a non-party vendor to place the calls. Plaintiff requires this information so he can issue subpoenas if necessary.

Second, the phrase "third party marketing companies" is not unintelligible as Defendant claims, and can easily be understood through common usage or reference to a dictionary. Plaintiff

is obviously seeking information regarding how the calls were placed, and whether Defendant utilized a vendor to place them.

Third, the phrases "sales calls" and "on Your behalf" do not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. Again, Plaintiff is simply looking for the names of any vendor(s) Defendant hired to place the calls at issue in this matter.

Fourth, given that this request that asks whether Defendant itself used any third-party companies, Defendant's objection that it might be asking it to seek information not in its possession, custody, or control is completely inapplicable, and just highlights the boiler plate nature of Defendant's responses.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response "that it does not have any relationship with and control over any 'third party marketing companies' as that term is defined in the Requests, who are involved with telemarketing[,]" appears to read Plaintiff's request in a self-serving manner to avoid having to provide information. First, Plaintiff's Interrogatories do not define "third party marketing companies." Second, Defendant, in other responses, states that it does not make "Phone Calls." *See, e.g.,* Defendant's Response to Interrogatory No. 1. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. See, e.g., id. at ¶¶ 23-25; 31-35; 37. Thus, Defendant claims it did not place the phone calls, but, when asked who did, refuses to provide that information.

**INTERROGATORY NO. 14:**

Identify which Call Center(s) the Subject Phone Calls were made from.

**RESPONSE TO INTERROGATORY NO. 14:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Subject Phone Calls" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

**ARGUMENT:**

First, this request is relevant to how and by whom the calls to Plaintiff were made.

Second, the terms "Call Center(s)" and "Subject Phone Calls" do not have a "legal connotation" or "require a legal interpretation." Plaintiff's First Set of Interrogatories to Defendant defines "Subject Phone Calls" as "the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35." See **Exhibit B**, at pg. 4. Further, "Call Center" is defined as "a centralized department to which phone calls from current or potential customers are directed." *Id.* Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. See, e.g., id. at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. See **Exhibit B**, at pg. 6.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that

Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is inapplicable as this interrogatory is requesting information on "Subject Phone Calls" placed specifically to Plaintiff. Further, Defendant's claim is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

## INTERROGATORY NO. 15:

Do Your Call Centers use Predictive Dialers? If so, which Predictive Dialers?

## RESPONSE TO INTERROGATORY NO. 15:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Centers" and "Predictive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

## ARGUMENT:

First, this information is relevant to the issue of whether the equipment used to place the calls

qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. See Medina v. Enhanced Recovery Co., Ltd. Liab. Co., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "Call Center(s)" and "Predictive Dialers" do not have a "legal connotation" or "require a legal interpretation." Plaintiff's First Set of Interrogatories to Defendant defines "Predictive Dialers" as "an outbound calling system that dials several numbers simultaneously and when a live person answers on the other end, it automatically diverts the call to an available agent." See Exhibit B, at pg. 4. Further, "Call Center" is defined as "a centralized department to which phone calls from current or potential customers are directed." *Id.* Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. See, e.g., id. at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. See **Exhibit B**, at pg. 6.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If

responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response makes its own legal conclusion that because—according to Defendant—the equipment used to place the calls is not an ATDS under the TCPA, it does not have to respond to this request.  In *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, the Court rejected an almost identical argument and stated:

> Plaintiffs maintain that the question of which systems are an ATDS and which are not is a central dispute in this case, and Plaintiffs should not have to take Defendant's word about whether a particular system is or is not an ATDS. The Court agrees with Plaintiffs.

No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *8-9 (S.D. Fla. Nov. 9, 2017); see also *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6-7 (S.D. Fla. July 26, 2018) (overturning similar objection) (citing *Eisenband v. Credit Pros Int'l Corp.,* No. 18-CV-60053-BLOOM/LOUIS, 2018 U.S. Dist. LEXIS 106073, at *4 (S.D. Fla. June 25, 2018). "[As] Judge Valle and various other Courts dealing with similar discovery objections in TCPA class action cases have clearly stated, the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether Plaintiff is entitled to discovery."  *Shapiro*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6.

**INTERROGATORY NO. 16:**

List all locations of any Call Centers that You use to make Phone Calls. Identify which Call Center location was used to make the Subject Phone Calls.

**RESPONSE TO INTERROGATORY NO. 16:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Phone Calls" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks

information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

**ARGUMENT:**

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. See Medina v. Enhanced Recovery Co., Ltd. Liab. Co., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "Call Center(s)" and "Phone Calls" do not have a "legal connotation" or "require a legal interpretation." Plaintiff's First Set of Interrogatories to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." See Exhibit B, at pg. 4.  Further, "Call Center" is defined as "a centralized department to which phone calls from current or potential customers are directed."  *Id.*  Indeed, Defendant does not actually explain what legal interpretation it is required to make.  As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  See, e.g., id. at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services.  Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  See **Exhibit B**, at

pg. 6.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.   See, e.g., [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**INTERROGATORY NO. 17:**

Are Your Call Centers equipped with Predictive Dialers? If so, provide the name of the Predictive Dialers used.

**RESPONSE TO INTERROGATORY NO. 17:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Predictive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

**ARGUMENT:**

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. See Medina v. Enhanced Recovery Co., Ltd. Liab. Co., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "Call Center(s)" and "Predictive Dialers" do not have a "legal connotation" or "require a legal interpretation." Plaintiff's First Set of Interrogatories to Defendant defines "Predictive Dialers" as "an outbound calling system that dials several numbers simultaneously and when a live person answers on the other end, it automatically diverts the call to an available agent." See Exhibit B, at pg. 4.  Further, "Call Center" is defined as "a centralized department to which phone calls from current or potential customers are directed." *Id.* Indeed, Defendant does not actually explain what legal interpretation it is required to make.  As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. See, e.g., id. at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services.  Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  See Exhibit B, at pg. 6.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that

Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response makes its own legal conclusion that because—according to Defendant—the equipment used to place the calls is not an ATDS under the TCPA, it does not have to respond to this request.  In *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, the Court rejected an almost identical argument and stated:

> Plaintiffs maintain that the question of which systems are an ATDS and which are not is a central dispute in this case, and Plaintiffs should not have to take Defendant's word about whether a particular system is or is not an ATDS. The Court agrees with Plaintiffs.

No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *8-9 (S.D. Fla. Nov. 9, 2017); see also *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6-7 (S.D. Fla. July 26, 2018) (overturning similar objection) (citing *Eisenband v. Credit Pros Int'l Corp.,* No. 18-CV-60053-BLOOM/LOUIS, 2018 U.S. Dist. LEXIS 106073, at *4 (S.D. Fla. June 25, 2018). "[As] Judge Valle and various other Courts dealing with similar discovery objections in TCPA class action cases have clearly stated, the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether Plaintiff is entitled to discovery." *Shapiro*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6.

**INTERROGATORY NO. 18:**

Are Your Call Centers equipped with Progressive Dialers? If so, provide the name of the Progressive Dialers used.

**RESPONSE TO INTERROGATORY NO. 18:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Progressive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

**ARGUMENT:**

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "Call Center(s)" and "Progressive Dialers" do not have a "legal connotation" or "require a legal interpretation." Plaintiff's First Set of Interrogatories to Defendant defines "Progressive Dialers" as "an outbound calling system that automatically dials from a list of telephone numbers." See Exhibit B, at pg. 4.  Further, "Call Center" is defined as "a centralized department to which phone calls from current or potential customers are directed."  *Id.* Indeed, Defendant does not actually explain what legal interpretation it is required to make.  As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services.  Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to

the filing of the Complaint.  See Exhibit B, at pg. 6.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's response makes its own legal conclusion that because—according to Defendant—the equipment used to place the calls is not an ATDS under the TCPA, it does not have to respond to this request.  In *Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, the Court rejected an almost identical argument and stated:

> Plaintiffs maintain that the question of which systems are an ATDS and which are not is a central dispute in this case, and Plaintiffs should not have to take Defendant's word about whether a particular system is or is not an ATDS. The Court agrees with Plaintiffs.

No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *8-9 (S.D. Fla. Nov. 9, 2017); see also *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6-7 (S.D. Fla. July 26, 2018) (overturning similar objection) (citing *Eisenband v. Credit Pros Int'l Corp.,* No. 18-CV-60053-BLOOM/LOUIS, 2018 U.S. Dist. LEXIS 106073, at *4 (S.D. Fla. June 25, 2018). "[As] Judge Valle and various other Courts dealing with similar discovery objections in TCPA class action cases have clearly stated, the issue presently before the Court is not whether the subject telephone dialing system is an ATDS, but whether Plaintiff is entitled to discovery." *Shapiro*, No. 18-cv-60035-BB, 2018 U.S. Dist. LEXIS 124938, at *6.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware," "software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not use any hardware, software, and/or methodology to store Plaintiff's telephone number; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co*., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "hardware" and "software" and "methodology" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id*. at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff

advertising Defendant's services.  Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* Plaintiff's First Request for Production to Defendant, attached as **Exhibit D**, at pg. 3.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant states that it lacks does not use any hardware, software, and/or methodology to store Plaintiff's telephone number and therefore, Defendant does not have any documents responsive to this request. To the extent that Defendant did not store Plaintiff's phone number, its vendor did and Defendant again fails to identify the vendor it used to place the calls at issue or to specify if and when it requested that its vendor produce such documents.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify the hardware, software, and/or methodology used to place the Subject Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware," "software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as

worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this RFP.

**ARGUMENT:**

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co*., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "hardware" and "software" and "methodology" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id*. at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D,** at pg. 3.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If

responsive information is privileged, Defendant should, with specificity, assert the privilege and

withhold that information having provided proper reasons.

Finally, Defendant states that it did not make any "phone calls" and therefore, Defendant

does not have any documents responsive to this RFP. To the extent that Defendant did not make the

phone calls at issue, its vendor did and Defendant again fails to identify the vendor it used to place

the calls at issue or to specify if and when it requested that its vendor produce such documents.

## REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to identify, the hardware, software, and/or methodology used to place the Phone
Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds
that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible
evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or
to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it
is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware,"
"software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and,
as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information
being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary,
and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as
worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking
documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any
"Phone Calls"; therefore, Defendant does not have any information responsive to this RFP.

## ARGUMENT:

First, this information is relevant to the issue of whether the equipment used to place the calls

qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. See Medina

v. Enhanced Recovery Co., Ltd. Liab. Co., No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at

*17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a

particular system is or is not an ATDS is a central one in this case, and the Court will not limit

Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the terms "hardware" and "software" and "methodology" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant states that it did not make any "phone calls" and therefore, Defendant does not have any documents responsive to this request. To the extent that Defendant did not make the phone calls at issue, its vendor did and Defendant again fails to identify the vendor it used to place the calls at issue or to specify if and when it requested that its vendor produce such documents.

**REQUEST FOR PRODUCTION NO. 5:**

All documents identifying the following information regarding recipients of Phone Calls:
(1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) it is otherwise unduly burdensome and harassing to the extent it is unnecessarily compound. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 2. Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to Plaintiff's upcoming motion for class certification. The number of phone calls is relevant to establish that numerosity is met. The identity of the individuals is relevant to the "ascertainability" requirement. *See, e.g., Sliwa v. Bright House Networks, LLC,* No. 2:16-cv-235-FtM-29MRM, 2018 U.S. Dist. LEXIS 218993, at *21 (M.D. Fla. Feb. 14, 2018) (granting motion to compel in TCPA case and stating, "Even though Plaintiff is not required to identify all class members at this stage of the litigation, Plaintiff must be able to meet the Rule 23 requirements, including numerosity and ascertainability.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on

Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020.  [D.E. No. 27].  Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the total number of Phone Calls sent/transmitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations

and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 2.  Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to Plaintiff's upcoming motion for class certification.  The number of phone calls is relevant to establish that numerosity is met. The identity of the individuals is relevant to the "ascertainability" requirement.  *See, e.g., Sliwa v. Bright House Networks, LLC,* No. 2:16-cv-235-FtM-29MRM, 2018 U.S. Dist. LEXIS 218993, at *21 (M.D. Fla. Feb. 14, 2018) (granting motion to compel in TCPA case and stating, "Even though Plaintiff is not required to identify all class members at this stage of the litigation, Plaintiff must be able to meet the Rule 23 requirements, including numerosity and ascertainability.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's

request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020.  [D.E. No. 27].  Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 10:**

All formal or informal complaints received by You regarding Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "formal" and "informal complaints" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or

control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the RFP or others, from government agencies, or in the public domain.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 2. Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to damages as the TCPA provides separate penalties depending on whether the violations are negligent or willful.

Second, the terms "formal" and "informal" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is. Furthermore**,** the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive

information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

**REQUEST FOR PRODUCTION NO. 11:**

All policies and procedures pertaining in any way to TCPA compliance by You and/or Your employees or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) the terms and phrases "policies" and "compliance" have legal connotations and would require a legal interpretation; (ii) it is overly broad and unduly burdensome to the extent it seeks "all policies and procedures pertaining in any way to TCPA compliance" to the extent it seeks all documents and other information possibly "showing" the subject matter of this RFP in any conceivable way without reasonable limitation and, thus, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

**ARGUMENT:**

First, this information is relevant to damages as the TCPA provides separate penalties depending on whether the violations are negligent or willful.

Second, the terms "policies" and "compliance" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020.  [D.E. No. 27].  Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify the criteria used to select and/or obtain the list of telephone numbers to which Phone Calls were sent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the phrase "criteria" is vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought and (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 3.  Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to Plaintiff's upcoming motion for class certification including numerosity, ascertainability, typicality and commonality all of which Plaintiff will be required to show under Rule 23.

Second, the term "criteria" is not vague, ambiguous, or capable of multiple interpretations.

Indeed, Defendant does not actually explain what their confusion with the documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3**.**

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that

Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to call him.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "consent" and "permission" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

**ARGUMENT:**

First, this information is relevant to the issue of whether Defendant had the required "prior express written consent" to place the calls at issue. *See* 47 C.F.R. § 64.1200(f)(8) (defining the required consent for telemarketing calls placed using and ATDS).

Second, the terms "consent" and "permission" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for

the four (4) years prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to calling the recipients of the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "consent" and "permission" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

First, this information is relevant to the issue of whether Defendant had the required "prior express written consent" to place the calls at issue.  *See* 47 C.F.R. § 64.1200(f)(8) (defining the required consent for telemarketing calls placed using and ATDS). This information is also relevant to Plaintiff's upcoming motion for class certification including numerosity, ascertainability, typicality and commonality all of which Plaintiff will be required to show under Rule 23.

Second, the terms "consent" and "permission" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is.  As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant,

or an entity on Defendant's behalf, used some type of automated calling platform to place numerous

marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has

limited his request in scope by seeking only information for telephone calls made by Defendant or

someone on Defendant's behalf which used the same equipment as the equipment used to call

Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for

the four (4) years prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive

information is privileged, Defendant should, with specificity, assert the privilege and withhold that

information having provided proper reasons.

Fourth, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see*

[D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020.  [D.E. No. 27].  Thus,

Plaintiff's request is not "premature" or otherwise improper at this time.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that

Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that

other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶

23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to

avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor

to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

## REQUEST FOR PRODUCTION NO. 15:

Documents sufficient to identify the reason(s) why the Subject Phone Calls were made.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds
that: (i) as used, the term "Subject Phone Calls" has legal connotations and would require a legal
interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary,
and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as
worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking

documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

## ARGUMENT:

Plaintiff's First Request for Production to Defendant defines "Subject Phone Calls" as "the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35." *See* **Exhibit D**, at pg. 2.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the calls were made for marketing or emergency purposes.

Second, the term "Subject Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37.  Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Fourth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information.  Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the reason(s) why Phone Calls were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 3.  Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to the issue of whether the calls were made for marketing or emergency purposes.

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal

interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Fourth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 17:**

All documents pertaining to the marketing or promotion of You through Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds

that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "marketing" and "promotion" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

## **ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 3. Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, this information is relevant to the issue of whether the calls were made for marketing or emergency purposes.

Second, the terms "marketing" and "promotion" are not vague, ambiguous, or capable of multiple interpretations. Indeed, Defendant does not actually explain what their confusion with the documents sought is. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for

the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Fourth, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Fifth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify your policies, practices, and/or procedures for transmitting/making Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) the terms "policies," "practices," "procedures", and "Phone Calls" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense / common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice.

Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents that are (i) applicable to Plaintiff, (ii) responsive to this RFP, (iii) in Defendant's possession, custody or control, and (iv) located after a reasonably diligent search, if any. Responding further, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." **Exhibit D**.  Defendant ignores this definition to avoid having to respond to Plaintiff's request.

First, the terms "policies," "practices," "procedures", and "Phone Calls" do not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals.  *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services.  Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Second, if this information is not in Defendant's possession, custody or control, it should

explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 19:**

All documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case and (ii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the RFP or others, from government agencies, or in the public domain.

**ARGUMENT:**

First, this information is relevant to damages as the TCPA provides separate penalties depending on whether the violations are negligent or willful.

Second, Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Fourth, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

## REQUEST FOR PRODUCTION NO. 20:

All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Phone Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "contracts" and "documents pertaining to any agreement" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any third parties; therefore, Defendant does not have any documents responsive to this RFP.

## ARGUMENT:

First, the terms "contracts," and "documents pertaining to any agreement" do not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal

interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Second, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it "has no relationship with and control over any third parties" to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.

## REQUEST FOR PRODUCTION NO. 21:

All contracts and documents pertaining to any agreement between you and any third-party regarding Phone Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "contracts" and "documents pertaining to any agreement" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or

control of Defendant; and (iv) as worded, it is premature, overlybroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any third parties; therefore, Defendant does not have any documents responsive to this RFP.

## ARGUMENT:

First, the terms "contracts," and "documents pertaining to any agreement" do not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request by pointing to the specific calls that were placed to Plaintiff advertising Defendant's services. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Second, if this information is not in Defendant's possession, custody or control, it should explicitly say so and identify who is in possession of the information. Plaintiff believes that Defendant used a vendor(s) to place the calls at issue, but Defendant has failed to actually identify if that is the case.

Third, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it "has no relationship with and control over any third parties" to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify the number of Phone Calls that you or anyone on your behalf have made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense / common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." **Exhibit D**, at pg. 2. Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to Plaintiff's upcoming motion for class certification. The number of phone calls is relevant to establish that numerosity is met. The identity of the individuals is relevant to the "ascertainability" requirement. *See, e.g., Sliwa v. Bright House Networks, LLC,* No. 2:16-cv-235-FtM-29MRM, 2018 U.S. Dist. LEXIS 218993, at *21 (M.D. Fla. Feb. 14, 2018) (granting motion to compel in TCPA case and stating, "Even though Plaintiff is not required to identify all class members at this stage of the litigation, Plaintiff must be able to meet the Rule 23 requirements, including numerosity and ascertainability.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal

interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Six, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all user interfaces of the application You utilize to transmit/make Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "user interfaces" and "application" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (v) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (vi) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 2.  Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls

to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years prior to the filing of the Complaint. *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020. [D.E. No. 27]. Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Six, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well. *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37. Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery. To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

**REQUEST FOR PRODUCTION NO. 25**:

Documents sufficient to identify all user interfaces of the application You utilize to transmit/make the Subject Phone Call.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "user interfaces" and "application" are vague, ambiguous, and capable of multiple interpretations and, as

such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**ARGUMENT:**

Plaintiff's First Request for Production to Defendant defines "Phone Calls" as "telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone." *See* **Exhibit D**, at pg. 2. Defendant ignores this definition to avoid having to respond to Plaintiff's interrogatory.

First, this information is relevant to the issue of whether the equipment used to place the calls qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA. *See Medina v. Enhanced Recovery Co., Ltd. Liab. Co.*, No. 15-14342-CIV, 2017 U.S. Dist. LEXIS 186651, at *17 (S.D. Fla. Nov. 9, 2017) (granting motion to compel and stating, "the issue of whether a particular system is or is not an ATDS is a central one in this case, and the Court will not limit Plaintiffs to Defendant's view about which of the systems are an ATDS.").

Second, the term "Phone Calls" does not have a "legal connotation" or "require a legal interpretation." Indeed, Defendant does not actually explain what legal interpretation it is required to make. As alleged in Plaintiff's First Amended Complaint, [D.E. No. 13], Defendant, or an entity on Defendant's behalf, used some type of automated calling platform to place numerous marketing calls to Plaintiff and other individuals. *See, e.g., id.* at ¶¶ 23-25; 31-35; 37. Plaintiff has limited his request in scope by seeking only information for telephone calls made by Defendant or someone on Defendant's behalf which used the same equipment as the equipment used to call Plaintiff. Plaintiff's request is further limited in temporal scope because it only seeks information for the four (4) years

prior to the filing of the Complaint.  *See* **Exhibit D**, at pg. 3.

Third, this Court has rejected Defendant's attempts to bifurcate discovery in this matter, *see* [D.E. No 25], and Plaintiff's motion for class certification is due April 15, 2020.  [D.E. No. 27].  Thus, Plaintiff's request is not "premature" or otherwise improper at this time.

Six, Plaintiff is not seeking information protected by any applicable privilege. If responsive information is privileged, Defendant should, with specificity, assert the privilege and withhold that information having provided proper reasons.

Finally, Defendant's claim that it does not make "Phone Calls" is contrary to the fact (1) that Plaintiff received multiple phone calls from Defendant or someone on Defendant's behalf, and (2) that other individuals have complained about receiving phone calls as well.  *See, e.g.,* [D.E. No. 13] at ¶¶ 23-25; 31-35; 37.  Defendant appears to be reading the term Phone Calls in a self-serving manner to avoid having to properly respond to discovery.  To the extent that Defendant used a non-party vendor to place the phone calls at issue in this matter, Plaintiff's request encompasses these calls.

V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court issue an Order (1) striking or overruling Defendant's objections to the discovery requests identified above, (2) compelling the Defendant to fully answer the discovery identified above, and (3) imposing sanctions against Defendant in the form of an award of the attorneys' fees and costs in compelling Defendant's responses.

**LOCAL RULE 3.01 CERTIFICATE**

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for Plaintiff conferred with counsel for Defendant regarding the issues raised in this motion, but the parties have been unable to resolve the matters in dispute.

Date: January 6, 2020

**IJH Law**                                          **HIRALDO P.A.**

/s/ *Ignacio J. Hiraldo*                             /s/ *Manuel S. Hiraldo*
Ignacio J. Hiraldo, Esq.                             Manuel S. Hiraldo
Florida Bar No. 0056031                              Florida Bar No. 030380
1200 Brickell Ave Suite 1950                         401 E. Las Olas Boulevard Suite 1400
Miami, FL 33131                                      Ft. Lauderdale, Florida 33301
Email: ijhiraldo@ijhlaw.com                          Email: mhiraldo@hiraldolaw.com
Telephone: 786.496.4469                              Telephone: 954-400-4713
                                                     **Trial Counsel**

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**Counsel for Plaintiff and the Class**