**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| PERRY BECKER, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-0535-JES-NPM |
| Plaintiff, | |
| -against- | **DEFENDANT'S ANSWERS AND RESPONSES TO PLAINTIFF'S COMBINED FIRST SET OF DISCOVERY REQUESTS** |
| PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR, | |
| Defendant. | |

TO:    Ignacio J. Hiraldo, Esq.
        1200 Brickell Ave., Suite 1950
        Miami, Florida 33131
        Email: IJHiraldo@IJHlaw.com

        Manuel S. Hiraldo, Esq.
        401 E. Las Olas Boulevard, Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com

        Michael Eisenband, Esq.
        515 E. Las Olas Boulevard, Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com

COUNSEL:

        Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by and through its undersigned counsel, hereby responds to the interrogatories and requests for production submitted by Perry Becker ("Plaintiff").

Dated: November 19, 2019
        Florham Park, New Jersey

                        SCHENCK, PRICE, SMITH & KING, LLP

                        By:     /s/ Thomas J. Cotton
                                Thomas J. Cotton

## **GENERAL OBJECTIONS**

Defendant asserts the following general objections, assertion of privileges, definitions, and reservations of rights (collectively, the "General Objections").  Each individual Response to the Requests is subject to, and limited in accordance with, the following General Objections, which are incorporated therein as if fully set forth therein.

For its General Objections, Defendant states as follows:

1.      The following objections apply to the Requests as a whole unless otherwise stated, in which case Defendant will refer to the particular or specific "Interrogatory" and/or "Request for Production" (or "RFP") to which it is objecting.

2.      To the extent any Response below refers to the "Complaint," the term should be understood as referring to Plaintiff's operative Complaint in the above-captioned Litigation, including any amendments and exhibits thereto.

3.      To the extent any Response below refers to this "Litigation," the term should be understood as referring to the above-captioned putative class-action lawsuit.  As used in Defendant's Responses, the phrases "the case" or "this case" should also be understood as referring to the Litigation, unless otherwise specified.

4.      Defendant's Responses to the Requests below are based on the best information presently available to it, and Defendant expressly reserves the right to amend or to supplement its Responses if it obtains other or additional information or discovers other or additional information or documents.  In addition, any response by Defendant indicating that it may have in its possession of, have knowledge of the possible existence of, or will or may produce or provide any documents or information should not be construed to mean that such documents or information necessarily exist(s).

5.      Nothing in Defendant's Responses should be deemed an admission of any allegation in the Complaint or of any liability in this Litigation unless specified as such.  More specifically, except for facts expressly admitted herein, if any, no implied admissions are intended by these Responses.  The fact that Defendant has responded or objected to any Requests or part(s) thereof should not be construed to be an admission Defendant accepts or admits the existence of any responsive documents or facts set forth or assumed by such Requests, or that such Response constitutes admissible evidence.

6.      Defendant objects to the Requests to the extent they are duplicative of one another either in whole or in part, and/or seek information that would be cumulative.  In this regard, Plaintiff has issued numerous multiple overlapping and duplicative Requests that are seeking essentially the same documents and information as other Requests, which is unduly burdensome and harassing.

7.      Defendant objects to the Requests to the extent that they purport to impose any obligation on it beyond the requirements imposed by applicable rules or law, including but not limited to the "Definitions" set forth therein, which are overly broad, vague, ambiguous, and otherwise unintelligible as a whole.

8.      Defendant further objects to the "Definitions" section of the Requests—including but not limited to the purportedly defined terms "Phone Calls", "Call Center", "Progressive Dialers", and "Predictive Dialers" and any pluralized forms thereof—as vague, ambiguous, and overly broad, particularly in that they are subject to multiple interpretations, are not reasonably limited in scope, are not accurate statements of fact or law, and/or require Defendant to guess at their intended meaning.  Defendant further objects to the "Definitions" section of the Requests and the terminology or phraseology contained therein or as used in the Requests (whether defined or

3

undefined) to the extent such terms and phrases have legal connotations requiring legal interpretations or conclusions by Defendant, including in particular the purportedly defined terms "Phone Calls", "Call Center", "Progressive Dialers", and "Predictive Dialers", which are inaccurately and inadequately defined and are used interchangeably throughout the Requests.  To the extent Defendant responds to such Requests, such Responses should not be deemed as providing or agreeing to provide any such legal interpretation or conclusion, and Defendant does not concede that any purported "Definition" provided by Plaintiff is necessarily acceptable or proper.  Defendant is willing to meet and confer with Plaintiff, through their respective counsel, regarding reasonable, mutually acceptable definitions for all purportedly defined and undefined terms used in the Requests at a mutually convenient time upon request.

9.      Defendant objects to the Requests to the extent they seek any information or documentation outside of the relevant time period of or beyond the scope of the allegations in Plaintiff's Complaint or beyond the parties, claims and defenses at issue in this Litigation.  More specifically, Defendant objects to the Requests to the extent they seek information beyond the scope of permissible discovery as provided by the Federal Rules of Civil Procedures as interpreted by applicable case law, including Fed.R.Civ.P. 26(b), particularly in that they seek information that is not proportional to the needs of the Litigation or that is not important considering the issues at stake in the Litigation, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and/or would not be helpful in in resolving the issues in this Litigation, and/or to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

10.     Defendant objects to the Requests to the extent they improperly or inaccurately characterize documents or otherwise depend on the interpretation of such documents by

Defendant, which documents speak for themselves.

11.     Defendant objects to the Requests to the extent they are unintelligible, confusing, vague and ambiguous as to the authorship, type, kind, source, nature, subject matter and temporal scope of the documents or information being sought, thus requiring Defendant to guess at their meaning at its peril.  To the extent Defendant responds to any such Requests, it does so in good faith and only to the extent it reasonably understands and interprets what information is being sought, if at all.  Defendant reserves the right to amend and revise its Responses accordingly.

12.     Defendant objects to the Requests as overbroad and unduly burdensome to the extent they seek (or may be read as seeking) documents or information that (i) is not within Defendant's possession, custody or control, (ii) is in the possession, custody or control of a person or entity other than Defendant, (iii) is or would be more easily obtained from sources other than Defendant, (iv) is already or should already be in Plaintiff's possession (including their counsel), and/or (v) is available in the public domain.

13.     Defendant objects to the Requests as overly broad and unduly burdensome to the extent that they seek information relating to defunct entities, documents that have already been produced in this Litigation, and/or documents already available in this Court's records.

14.     Defendant objects to the Requests to the extent they expressly or implicitly (i) contain or ask Defendant to admit to legal conclusions, (ii) include assumptions of facts not in evidence, and/or (iii) include incorrect characterizations of fact and, as such, are not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Defendant responds to any of the Requests, said Responses should not be construed as indicating agreement with any such conclusions, assumptions, or characterizations.

15.     Defendant objects to the Requests as overly broad and unduly burdensome to the

extent they require Defendant to, for example and not by way of limitation, (i) identify "all" persons who might possibly have information (no matter how insignificant) about the subject matter of the Request, (ii) provide or produce all documents or information that may possibly "concern," "show," "evidence," "reflect," "refer" or "relate to" the subject matter of the Request in any conceivable way without reasonable limitation, and/or (iii) produce "all documents" on any specific or non-specific topic or that may be "sufficient" to identify a person, entity or other documents and information.  Such Requests, as worded, ostensibly require Defendant to conduct an overly exhaustive search for information and documents of any kind, regardless of whether they pertain to the subject matter of this Litigation or without regard to any particular subject matter whatsoever, without reasonable limitation.   To the extent Defendant responds to any of the Requests, Defendant will conduct a reasonable, good faith inquiry of information within its possession, custody, or control and will provide responsive documents or information, if any, not subject to any applicable legal privilege (including but not limited to the attorney client privilege, attorney work product doctrine, joint defense privilege, or common interest doctrine) or otherwise immune from discovery, subject to, as limited by, and without waiving any objections herein or below.

16.     Defendant objects to the Requests as premature, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent Plaintiff purport to require Defendant to provide information about putative class members other than the named Plaintiff because no class has been certified in this case to date, and to the extent to any current or subsequent Requests seeks information beyond the scope of Plaintiff's putative class definition(s) or to any certified class.

17.     Defendant objects to the Requests to the extent they are duplicative of information

already provided to Plaintiff either formally or informally in discovery in the Litigation, including but limited to information contained in Defendant's Rule 26(a)(1) initial disclosures served on counsel for Plaintiff in the Litigation on or about October 1, 2019 (hereinafter, "Initial Disclosures").

18. To the extent the Requests call for confidential, proprietary, trade secret, or privately identifying personal or financial information of any person or entity, Defendant expressly asserts and preserves all objections based on the privacy interests of such persons or entities as existing under applicable law and reserve the right to require satisfaction of all prerequisite steps required by applicable law before production of such documents or information.

19. Inadvertent disclosure of privileged documents or confidential information is not intended to be, and may not be construed as, a waiver of any applicable privilege, confidentiality, or other reason for non-production. Defendant will not log communications between it and litigation counsel, including communications with other defense counsel, arising out of or relating to the Litigation.

20. Defendant reserves the right to make use of, introduce in any hearing or at trial, information not known to exist at the time of production, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

21. Defendant is willing to meet and confer with Plaintiff, and in fact invites and encourages Plaintiff to meet and confer, regarding the scope and relevance of the Requests, the proper scope definitions for the terms and phraseology used, and the timing and procedure for Defendant's Responses and/or any further objections and responses to the Requests, if necessary, upon request at a mutually convenient time and place.

## DEFENDANT'S RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the total number of Phone Calls that have been sent.  For each Phone Call, please identify the date, content, and telephone number of the recipient of the Phone Call, and describe how the Phone Calls were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

### RESPONSE TO INTERROGATORY NO. 1:

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) it is otherwise unduly burdensome and harassing the extent it is unnecessarily compound and generally unintelligible.  Defendant further specifically objects to this interrogatory on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

### INTERROGATORY NO. 2:

Describe in detail the method or process by which Phone Calls were made.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Prerecorded Messages.

### RESPONSE TO INTERROGATORY NO. 2:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have

not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; (v) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (vi) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

**INTERROGATORY NO. 3:**

Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

**RESPONSE TO INTERROGATORY NO. 3:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it did not collect or obtain Plaintiff's telephone number; therefore, Defendant does not have any information responsive to this interrogatory.

**INTERROGATORY NO. 4:**

Describe in detail the method or process by which the Subject Phone Calls were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Phone Calls.

**RESPONSE TO INTERROGATORY NO. 4:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "method," and "process" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal

interpretation; (iv) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (v) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

## INTERROGATORY NO. 5:

Identify who made the Subject Phone Calls to Plaintiff.

## RESPONSE TO INTERROGATORY NO. 5:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation and (ii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking information within the possession, custody or control of Defendant or seeks information that is more readily available from other sources, including third parties.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding an appropriate scope for listing relevant custodians and witnesses and refers Plaintiff to the individuals specifically identified in the parties' respective Rule 26(a)(1) initial disclosures which identify persons who, upon information and belief, may possibly have information relevant to this Litigation.

## INTERROGATORY NO. 6:

Describe the equipment used to make the Subject Phone Calls.

## RESPONSE TO INTERROGATORY NO. 6:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "equipment" is capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

## INTERROGATORY NO. 7:

Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to make the Subject Phone Calls.

**RESPONSE TO INTERROGATORY NO. 7:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the term "equipment" is capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to store any phone numbers.

**INTERROGATORY NO. 8:**

Have you ever received formal or informal complaints regarding Phone Calls?  If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "formal" and "informal complaints" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the interrogatory or others, from government agencies, or in the public domain.

**INTERROGATORY NO. 9:**

Describe what type of consent or permission, if any, you obtained from Plaintiff to make the Subject Phone Calls prior to placing the calls.

**RESPONSE TO INTERROGATORY NO. 9:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (ii) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation ; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

## INTERROGATORY NO. 10:

Describe what type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to making the Phone Calls

## RESPONSE TO INTERROGATORY NO. 10:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation ; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

## INTERROGATORY NO. 11:

Describe the manner in which the list(s) of telephone numbers to which Phone Calls were made were compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

## RESPONSE TO INTERROGATORY NO. 11:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms "list(s)" and "sources" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not

use, compile, or acquire a list of telephone numbers, as defined in the TCPA and/or interpreted by applicable regulations, rules, and law.

**INTERROGATORY NO. 12:**

Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time the Subject Phone Call was made?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Phone Call.

**RESPONSE TO INTERROGATORY NO. 12:**

Supplementing its General Objections, Defendant specifically objects to this interrogatory on the grounds that: (i) the terms "restrictions" and "Subject Phone Call" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

**INTERROGATORY NO. 13:**

Do you use third party marketing companies to make sales calls on Your behalf?  If so, please identify them:

**RESPONSE TO INTERROGATORY NO. 13:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the phrase "third party marketing companies" is vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (ii) as used, the phrases "sales calls" and "on Your behalf" have legal connotations and would require a legal interpretation; (iii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any "third party marketing companies" as that term is defined in the Requests, who are involved with telemarketing.

**INTERROGATORY NO. 14:**

Identify which Call Center(s) the Subject Phone Calls were made from.

**RESPONSE TO INTERROGATORY NO. 14:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Subject Phone Calls"

13

have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

**INTERROGATORY NO. 15:**

Do Your Call Centers use Predictive Dialers?  If so, which Predictive Dialers?

**RESPONSE TO INTERROGATORY NO. 15:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Centers" and "Predictive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

**INTERROGATORY NO. 16:**

List all locations of any Call Centers that You use to make Phone Calls.  Identify which Call Center location was used to make the Subject Phone Calls.

**RESPONSE TO INTERROGATORY NO. 16:**

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Phone Calls" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not

make any "Phone Calls"; therefore, Defendant does not have any information responsive to this interrogatory.

## INTERROGATORY NO. 17:

Are Your Call Centers equipped with Predictive Dialers?  If so, provide the name of the Predictive Dialers used.

## RESPONSE TO INTERROGATORY NO. 17:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Predictive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

## INTERROGATORY NO. 18:

Are Your Call Centers equipped with Progressive Dialers?  If so, provide the name of the Progressive Dialers used.

## RESPONSE TO INTERROGATORY NO. 18:

Supplementing its General Objections, Defendant specifically objects to this Interrogatory on the grounds that: (i) as used, the terms and phrases "Call Center(s)" and "Progressive Dialers" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information not in the possession, custody or control of Defendant and/or that is in the possession of third parties and, thus, it is overly broad and unduly burdensome; and (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets.

Subject to and without waiving the foregoing objections, Defendant states that it does not use a system, platform, or any equipment as those terms are defined in the Telephone Consumer Protection Act ("TCPA") and/or interpreted by applicable regulations, rules, and law, to make any phone calls.

## DEFENDANT'S RESPONSES AND SPECIFIC OBJECTIONS TO

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Supplementing its General Objections, Defendant incorporates all of its specific objections to Plaintiff's First Set of Interrogatories as if fully stated herein.  Defendant further specifically objects to this RFP on the grounds that: (i) it is unduly burdensome to the extent it seeks information already provided to Plaintiff by Defendant in Defendant's Initial Disclosures; (ii) as worded, it would ostensibly require Defendant to make a legal determination or draw legal conclusions as to possible insurance coverage; and (iii) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to seeking information about the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation and, therefore, it is not proportional to the needs of the case.  Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product, and/or joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions.

Subject to and without waiving the foregoing objections, Defendant states none.

## REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware," "software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not use any hardware, software, and/or methodology to store Plaintiff's telephone number; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify the hardware, software, and/or methodology used to place the Subject Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware," "software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any information responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify, the hardware, software, and/or methodology used to place the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "hardware," "software," and "methodology" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not

make any "Phone Calls"; therefore, Defendant does not have any information responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 5:**

All documents identifying the following information regarding recipients of Phone Calls: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) it is otherwise unduly burdensome and harassing to the extent it is unnecessarily compound. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the total number of Phone Calls sent/transmitted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 7:**

All documents regarding or referring to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks "all documents regarding or referring to Plaintiff" regardless of subject matter of this RFP without reasonable limitation and, thus, it is not proportional to the needs of the case; (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents that are (i) applicable to Plaintiff, (ii) responsive to this RFP, (iii) in Defendant's possession, custody or control, and (iv) located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 8:**

All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney work product and joint defense / common interest privileges, and/or to the extent it seeks attorney mental impressions and (ii) the phrase "relied on" in this RFP is vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought.

Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents that are (i) applicable to Plaintiff, (ii) responsive to this RFP, (iii) specifically identified in Defendant's Responses to Plaintiff's Interrogatories, (iv) in Defendant's possession, custody or control, and (v) located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 9:**

All communications between you and Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks "all communications between you and Plaintiff" regardless of subject matter of this RFP without reasonable limitation and, thus, it is not proportional to the needs of the case and (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions.

Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents that are (i) applicable to Plaintiff, (ii) responsive to this RFP, (iii) in Defendant's possession, custody or control, and (iv) located after a reasonably diligent search, if any.

**REQUEST FOR PRODUCTION NO. 10:**

All formal or informal complaints received by You regarding Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "formal" and "informal complaints" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the RFP or others, from government agencies, or in the public domain.

**REQUEST FOR PRODUCTION NO. 11:**

All policies and procedures pertaining in any way to TCPA compliance by You and/or Your employees or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) the terms and phrases "policies" and "compliance" have legal connotations and would require a legal interpretation; (ii) it is overly broad and unduly burdensome to the extent it seeks "all policies and procedures pertaining in any way to TCPA compliance" to the extent it

seeks all documents and other information possibly "showing" the subject matter of this RFP in any conceivable way without reasonable limitation and, thus, it is not proportional to the needs of the case; (iii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to identify the criteria used to select and/or obtain the list of telephone numbers to which Phone Calls were sent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the phrase "criteria" is vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought and (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to call him.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "consent" and "permission" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to calling the recipients of the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "consent" and "permission" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify the reason(s) why the Subject Phone Calls were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the term "Subject Phone Calls" has legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the reason(s) why Phone Calls were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it is overly broad and unduly burdensome to the

extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

## REQUEST FOR PRODUCTION NO. 17:

All documents pertaining to the marketing or promotion of You through Phone Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "marketing" and "promotion" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense/common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

## REQUEST FOR PRODUCTION NO. 18:

Documents sufficient to identify your policies, practices, and/or procedures for transmitting/making Phone Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) the terms "policies," "practices," "procedures", and "Phone Calls" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product and joint defense / common interest privileges, and/or to the extent it seeks attorney mental impressions; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice.

Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged documents that are (i) applicable to Plaintiff, (ii) responsive to this RFP, (iii) in Defendant's possession, custody or control, and (iv) located after a reasonably diligent search, if any.  Responding further, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 19:**

All documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case and (ii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant and/or to the extent it seeks documents more readily available from other sources, including the third parties specifically identified in the RFP or others, from government agencies, or in the public domain.

**REQUEST FOR PRODUCTION NO. 20:**

All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) as used, the terms and phrases "contracts" and "documents pertaining to any agreement" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any third parties; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 21:**

All contracts and documents pertaining to any agreement between you and any third-party regarding Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the

grounds that: (i) as used, the terms and phrases "contracts" and "documents pertaining to any agreement" have legal connotations and would require a legal interpretation; (ii) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (iii) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant; and (iv) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice.

Subject to and without waiving the foregoing objections, Defendant states that it does not have any relationship with and control over any third parties; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify the number of Phone Calls that you or anyone on your behalf have made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; and (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice. Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the joint defense / common interest privilege.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning internal investigation conducted by you concerning complaints regarding violations of the Telephone Consumer Protection Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope

and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "complaints" and "violations" have legal connotations and would require a legal interpretation; (iii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (iv) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.  Defendant further specifically objects to this RFP on the grounds that, as worded, it may be read as seeking documents and information protected by an applicable privilege, including but not limited to the attorney-client, attorney work product, and/or joint defense/common interest privileges, and/or to the extent it seeks attorney mental impressions.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all user interfaces of the application You utilize to transmit/make Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "user interfaces" and "application" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; (v) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified and/or to the extent it would impact the privacy interests of non-parties without notice; and (vi) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify all user interfaces of the application You utilize to transmit/make the Subject Phone Call.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Supplementing its General Objections, Defendant specifically objects to this RFP on the grounds that: (i) it is overly broad and not reasonably calculated to lead to the discovery of

admissible evidence, in that it is not reasonably limited to the facts and allegations at issue in the Complaint, or to the parties, claims and/or defenses at issue in this Litigation, or in temporal scope and, therefore, it is not proportional to the needs of the case; (ii) as used, the terms and phrases "user interfaces" and "application" are vague, ambiguous, and capable of multiple interpretations and, as such, Defendant cannot be reasonably certain of the intended meaning or the scope of information being sought; (iii) as used, the term "Phone Calls" has legal connotations and would require a legal interpretation; (iv) as worded, it may be read as seeking information that is confidential, proprietary, and/or constitutes trade secrets, including for Defendant and possibly for third parties; and (v) as worded, it is overly broad and unduly burdensome to the extent it is not necessarily limited to seeking documents and information within the possession, custody or control of Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it does not make any "Phone Calls"; therefore, Defendant does not have any documents responsive to this RFP.

## CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 19, 2019
South Plainfield, New Jersey

PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR

By: Adam Gujino

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 19th day of November, 2019, a true and correct copy of the foregoing

document was served via email, pursuant to the agreement of the parties, to counsel of record for

Plaintiff:

Ignacio J. Hiraldo, IJHiraldo@IJHlaw.com

By:     /s/ Thomas J. Cotton
        Thomas J. Cotton