## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO.: 2:19-CV-00535

**PERRY BECKER,**
individually and on behalf of all
others similarly situated,

                                           **CLASS ACTION**

        Plaintiff,                                **JURY TRIAL DEMANDED**

v.

**PRO CUSTOM SOLAR LLC D/B/A**
**MOMENTUM SOLAR,**

        Defendant.
_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff Perry Becker, pursuant to Rule 33, Federal Rules of Civil Procedure, hereby propounds the following interrogatories to Defendant Pro Custom Solar LLC d/b/a Momentum Solar, to be answered within thirty (30) days from the date of service hereof, fully and separately in writing and under oath by Defendant.

Dated: September 18, 2019.

**IJH LAW**

/s/ *Ignacio J. Hiraldo*
1200 Brickell Ave. Suite 1950
Miami, FL 33131
Ignacio J. Hiraldo
Florida Bar No. 0056031
Email: IJHiraldo@IJHlaw.com
Telephone: 786.496.4469

**HIRALDO P.A.**

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW, P.A.**

Michael Eisenband
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 18, 2019, I electronically served the foregoing

document on the following counsel:

   Joshua Adam Migdal
   Thomas Joseph Cotton
   Yaniv Adar
    *Counsel for Defendant*

<div style="margin-left:50%">

<u>/s/ *Ignacio J. Hiraldo*</u>
1200 Brickell Ave. Suite 1950
Miami, FL 33131
Ignacio J. Hiraldo
Florida Bar No. 0056031
Email: IJHiraldo@IJHlaw.com
Telephone: 786.496.4469
*Counsel for Plaintiff*

</div>

## <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean, as applicable, Defendant Pro Custom Solar LLC d/b/a Momentum Solar Inc., and/or any and all other person(s) acting on its behalf or at its direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.      "Subject Phone Calls" shall mean the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35.

C.      "Phone Calls" shall mean telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone.

D.      "Call Center" shall mean a centralized department to which phone calls from current or potential customers are directed.

E.      "Progressive Dialers" shall mean an outbound calling system that automatically dials from a list of telephone numbers.

F.      "Predictive Dialers" shall mean an outbound calling system that dials several numbers simultaneously and when a live person answers on the other end, it automatically diverts the call to an available agent.

G.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

H.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

I.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

J.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

**<u>TIME FRAME</u>**

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

**<u>FIRST SET OF INTERROGATORIES TO DEFENDANT</u>**

1.      Identify the total number of Phone Calls that have been sent.  For each Phone Call, please identify the date, content, and telephone number of the recipient of the Phone Call, and describe how the Phone Calls were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

   **ANSWER:**

2.      Describe in detail the method or process by which Phone Calls were made.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Prerecorded Messages.

   **ANSWER:**

3.      Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

   **ANSWER:**

4.      Describe in detail the method or process by which the Subject Phone Calls were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Phone Calls.

**ANSWER:**

5.      Identify who made the Subject Phone Calls to Plaintiff.

**ANSWER**:

6.      Describe the equipment used to make the Subject Phone Calls.

**ANSWER:**

7.     Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to make the Subject Phone Calls.

**ANSWER:**

8.     Have you ever received formal or informal complaints regarding Phone Calls? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

9.     Describe what type of consent or permission, if any, you obtained from Plaintiff to make the Subject Phone Calls prior to placing the calls.

**ANSWER:**

10.     Describe what type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to making the Phone Calls.

**ANSWER**:

11.     Describe the manner in which the list(s) of telephone numbers to which Phone Calls were made were compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

**ANSWER:**

12.     Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time the Subject Phone Call was made?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Phone Call.

**ANSWER:**

13.     Do you use third party marketing companies to make sales calls on Your behalf? If so, please identify them:

**ANSWER:**

14.     Identify which Call Center(s) the Subject Phone Calls were made from.

**ANSWER:**

15.     Do Your Call Centers use Predictive Dialers? If so, which Predictive Dialers?

**ANSWER:**

16.     List all locations of any Call Centers that You use to make Phone Calls. Identify which Call Center location was used to make the Subject Phone Calls.

**ANSWER:**

17.     Are Your Call Centers equipped with Predictive Dialers? If so, provide the name of the Predictive Dialers used.

**ANSWER:**

18.     Are Your Call Centers equipped with Progressive Dialers? If so, provide the name of the Progressive Dialers used.

**ANSWER:**

By:_____

Print Name:_____

**STATE OF _____ )**
                                **) SS:**
**COUNTY OF _____ )**

        **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

        **SWORN TO AND SUBSCRIBED before** me this _____ day of _____, 2019.

_____
Notary Public, State of _____
My Commission Expires: