**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
CASE NO. 2:19-cv-0535-JES-NPM

PERRY BECKER, individually and on
behalf of all others similarly situated,
                    Plaintiff,
v.
PRO CUSTOM SOLAR LLC, d/b/a
MOMENTUM SOLAR,
                    Defendant
_____/

**DEFENDANT'S FED. R. CIV. P. 26(a)(1)(A) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum" or "Defendant"), by and through its undersigned counsel, hereby propounds the following initial disclosures ("Disclosures"):

**PRELIMINARY STATEMENTS AND RESERVATION OF RIGHTS**

Momentum has not yet completed its investigation and analysis of the facts relating to the above-captioned litigation. As such, Momentum's ongoing discovery, analysis and investigation may disclose the existence of additional facts, add meaning to known facts, support entirely new legal or factual contentions, and may lead to additions or modifications to these Disclosures. Momentum therefore reserves the right: (i) to amend, revise, correct, add to, supplement, modify or clarify the Disclosures set forth below or the information divulged therein or thereby; and (ii) to make use of or introduce in any hearing or at trial information, data, documents, or testimony not known to exist at the time of these Disclosures, including but not limited to information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

With respect to witnesses or individuals who likely may have discoverable information that are identified in these Disclosures, Momentum reserves its right to: (i) supplement, revise, correct, or amend its list of witnesses as discovery proceeds in this matter; (ii) call as witnesses at any hearing or trial of this action any person or representative of any entity who is or has been identified by any other party to this action as a person having knowledge of the facts and circumstances relating to this action; (iii) designate and call as witnesses any experts who are hereinafter designated and have formed opinions with regard to the facts and matters at issue in this litigation; and (iv) designate and call as witnesses such persons or representatives of entities during the course of discovery, at any hearing, or before trial as having knowledge of relevant facts, and to call rebuttal and impeachment witnesses as may be necessary.  Nothing in these Disclosures should be deemed as an admission of liability or of any fact or allegations in the operative Complaint in the above-captioned action, or otherwise.  Nothing in these Disclosures should be deemed as a waiver of any legal privilege or immunity, or of Defendant's motion to stay and/or bifurcate discovery in this matter.

## DISCLOSURES

**I.     List of Persons with Knowledge**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Momentum hereby discloses "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Momentum] may use to support its claims or defenses" in this matter:

1. *Plaintiff Perry Becker ("Becker")*

Becker, and possibly Becker's spouse or domestic partner or other family members or members of Becker's household, is/are likely to have knowledge regarding the facts and circumstances of this litigation on all subjects relating to Becker's allegations as to Momentum, as well as Momentum's defenses thereto. This may include, but not necessarily be limited to, information regarding Becker's and others' interactions with Momentum, Becker's allegations against Momentum set forth in the operative Complaint, and Becker's provision of his cellular and/or home telephone numbers and/or consent to be contacted to Momentum and other third parties. Becker may be contacted through his counsel of record in this matter.

2. *Adam Gugino*

Mr. Gugino is a Momentum employee familiar with Momentum's business, policies, and procedures and is knowledgeable regarding the facts and circumstances relating to Plaintiff's allegations against Momentum as well as Momentum's defenses thereto. This may include, but not necessarily be limited to, information regarding Momentum's business practices, corporate compliance issues, and Momentum's interactions with Plaintiff, if any. Mr. Gugino can be contacted through Defendant's counsel of record in this matter.

3. *Other Potential Individuals Likely to Have Discoverable Information*

Other potential individuals likely to have discoverable information that Defendant may use to support its defenses may include but will not be limited to the following:

- Other current and former employees of Defendant, whose identities are not currently known at this time, who may possibly have knowledge of facts relating to allegations in Plaintiff's Complaint and to the extent that they have information relevant to claims or defenses in this action, which will be determined as discovery continues;

- All witnesses identified by Plaintiff in this matter at Plaintiff's deposition(s), on Plaintiff's witness list(s), in Plaintiff's responses to any interrogatories, requests for admissions, and requests for production of documents, and in Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a);
- All witnesses identified in any other deposition taken in this matter;
- All individuals identified in the operative Complaint in this matter;
- Third parties with knowledge relevant to the parties' claims or defenses, if any, including but not limited to Plaintiff's home phone, cellular phone and internet service provider(s), and anyone who may have or has access to Plaintiff's phones or computers;
- All witnesses necessary for foundation purposes in the entry of exhibits;
- All experts needed to respond to experts named by Plaintiff; and
- Any necessary rebuttal witnesses.

By disclosing the foregoing individuals, Momentum does not waive any objections as to their testimony and reserves the right not to rely on their testimony or call them at trial.

## II.    List of Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Momentum hereby provides "a description by category and location [...] of all documents, electronically stored information, and tangible things that [Momentum] has in its possession, custody, or control and may use to support its claims or defenses" in this matter:

1. Documents concerning or reflecting Plaintiff's alleged interactions with Momentum or lack thereof;

2. Documents concerning Momentum's means and methods for making telephone calls;

3. Copies of Momentum's relevant policies and procedures;

4. Plaintiff's home and cellular phones, laptop and PC's, and other computing devices;

5. Documents attached to or otherwise referenced in the pleadings in this matter;

6. Documents marked as exhibits during depositions taken or used during any hearings in this matter;

7. Any documents needed for rebuttal and/or impeachment;

8. Any documents identified by Plaintiff; and

9. Documents produced in discovery by any party to this action or by any third parties.

Momentum reserves its rights to (i) supplement this list of documents as discovery proceeds in this matter; (ii) rely on any documents disclosed by any other party to this action; and (iii) designate rebuttal documents in the course of discovery, at any hearing, or at trial. Because the foregoing documents contain sensitive business, proprietary, and/or personally identifying information, Momentum will produce them only after entry of an appropriate protective order. Momentum does not waive any applicable privilege with respect to the foregoing documents, nor does Momentum concede the relevancy, authenticity or admissibility of any documents at this time or that such documents are in Momentum's possession, custody or control. Investigation continues.

**III.   Computation of Damages**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Momentum hereby discloses "a computation of each category of damages claimed" by Momentum. Momentum does not presently claim any damages except attorneys' fees and costs if appropriate and permitted

5

by applicable rule or law. Momentum reserves the right to supplement this response should it claim damages at a later date.

## IV.     Insurance Agreement

Fed. R. Civ. P. 26(a)(1)(A)(iv) requires Momentum to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." At this time, Momentum is unaware of the existence of any such insurance agreement. Investigation continues.

DATED: October 1, 2019                    Respectfully submitted,

By: s/ Thomas J. Cotton

Josh Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

---and---

Thomas J. Cotton (*pro hac vice*)
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932-0991
Tel: (973) 539-1000
tjc@spsk.com

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of October, 2019, a true and correct copy of the foregoing document was served via email, pursuant to the agreement of the parties, to counsel of record for Plaintiff:

Ignacio J. Hiraldo, ijhiraldo@ijhlaw.com

Manuel S. Hiraldo, mhiraldo@hiraldolaw.com

Michael Eisenband, MEisenband@Eisenbandlaw.com

                                            By: *s/ Thomas J. Cotton*
                                                 Thomas J. Cotton, Esq.