**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 2:19-CV-00535**

**PERRY BECKER,**
individually and on behalf of all
others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

**PRO CUSTOM SOLAR LLC D/B/A**
**MOMENTUM SOLAR,**

Defendant.
_______________________________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff Perry Becker, pursuant to Rule 34, Federal Rules of Civil Procedure, requests Defendant Pro Custom Solar LLC d/b/a Momentum Solar to produce the following documents and things for inspection and copying, subject to any outstanding objections, within 30 days from date of service hereof.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

A. "You" or "Your" shall mean, as applicable, Defendant Pro Custom Solar LLC d/b/a Momentum Solar and/or any and all other person(s) acting on its behalf or at its direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B. "Subject Phone Calls" shall mean the telephone calls to Plaintiff's cellular telephone number as identified in Plaintiff's operative complaint at ¶¶ 23; 28; 31; 33; 35.

C. "Phone Calls" shall mean telephone calls made by or on behalf of You to a cellular telephone number, using the same equipment, or same type of equipment, used to call Plaintiff's cellular telephone.

D. "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E. The word "Document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F. "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G. "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

**TIME FRAME**

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

**REQUESTS FOR PRODUCTION TO DEFENDANT**

1. Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2. Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3. Documents sufficient to identify the hardware, software, and/or methodology used to place the Subject Phone Calls.

4. Documents sufficient to identify the hardware, software, and/or methodology used to place the Phone Calls.

5. All documents identifying the following information regarding recipients of Phone Calls: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

6. Documents sufficient to identify the total number of Phone Calls sent/transmitted.

7. All documents regarding or referring to Plaintiff.

8. All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

9. All communications between you and Plaintiff.

10. All formal or informal complaints received by You regarding Phone Calls.

11. All policies and procedures pertaining in any way to TCPA compliance by You and/or Your employees or agents.

12. Documents sufficient to identify the criteria used to select and/or obtain the list of telephone numbers to which Phone Calls were sent.

13. Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to call him.

14. Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Phone Calls prior to calling the recipients of the Phone Calls.

15. Documents sufficient to identify the reason(s) why the Subject Phone Calls were made.

16. Documents sufficient to identify the reason(s) why Phone Calls were made.

17. All documents pertaining to the marketing or promotion of You through Phone Calls.

18. Documents sufficient to identify your policies, practices, and/or procedures for transmitting/making Phone Calls.

19. All documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act.

20. All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Phone Calls.

21. All contracts and documents pertaining to any agreement between you and any third-party regarding Phone Calls.

22. Documents sufficient to identify the number of Phone Calls that you or anyone on your behalf have made.

23. All documents concerning internal investigation conducted by you concerning complaints regarding violations of the Telephone Consumer Protection Act.

24. Documents sufficient to identify all user interfaces of the application You utilize to transmit/make Phone Calls.

    25. Documents sufficient to identify all user interfaces of the application You utilize to transmit/make the Subject Phone Call.

Dated: September 18, 2019.

**IJH LAW**

/s/ *Ignacio J. Hiraldo*
1200 Brickell Ave. Suite 1950
Miami, FL 33131
Ignacio J. Hiraldo
Florida Bar No. 0056031
Email: IJHiraldo@IJHlaw.com
Telephone: 786.496.4469

**HIRALDO P.A.**

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW, P.A.**

Michael Eisenband
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2019, I electronically served the foregoing document on the following counsel:

Joshua Adam Migdal

Thomas Joseph Cotton
Yaniv Adar
*Counsel for Defendant*

/s/ *Ignacio J. Hiraldo*
1200 Brickell Ave. Suite 1950
Miami, FL 33131
Ignacio J. Hiraldo
Florida Bar No. 0056031
Email: IJHiraldo@IJHlaw.com
Telephone: 786.496.4469

*Counsel for Plaintiff*