UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERRY BECKER, individually
and on behalf of all others
similarly situated,

        Plaintiff,

v.                          Case No:  2:19-cv-535-FtM-29NPM

PRO CUSTOM SOLAR LLC,

        Defendant.
_____

**<u>OPINION AND ORDER</u>**

        This matter comes before the Court on defendant's Motion to
Dismiss (Doc. #18) filed on September 16, 2019. Plaintiff filed a
Response in Opposition (Doc. #21) on September 30, 2019.  For the
reasons set forth below, the motion is denied.

**I.**

        On September 1, 2019, plaintiff Perry Becker (Plaintiff)
filed a two-count Amended Class Action Complaint (Doc. #13) against
defendant Pro Custom Solar LLC d/b/a Momentum Solar (Defendant or
Momentum Solar).  The Amended Class Action Complaint asserts
claims against Defendant under 47 U.S.C. § 227(b) and 47 U.S.C. §
227(c) of the Telephone Consumer Protection Act of 1991 (the TCPA).

        According to the Amended Class Action Complaint (Doc. #13):
Defendant is a nationwide "'solar company'" that designs, sells,
and installs solar panels.  (<u>Id</u>. ¶¶ 2-3.)  On or about June 27,

2019, Defendant called Plaintiff's cell phone. (Id. ¶ 23.)
Plaintiff answered the phone call and "heard a very long and
noticeable pause before being greeted by a live person." (Id. ¶
24.) During the phone call, "Defendant's employee, Diamond,
attempted to sell Plaintiff solar panels and tried to setup a solar
panel installation at Plaintiff's house." (Id. ¶ 26.) Defendant
made this phone call using a "spoofed" number, which means
Defendant used technology that altered Defendant's phone number
and made it appear on Plaintiff's Caller ID that Defendant called
Plaintiff from a local area code. (Id. ¶ 28.)

On June 28, 2019, Plaintiff received a text message from
"Elijah from [M]omentum [S]olar." (Id. ¶¶ 29-30.) The text
message stated: "Hello Mr. Becker, this is Elijah from [M]omentum
[S]olar. This is my business cell so feel free to shoot me a text
or call anytime with any questions about the solar program." (Id.
¶ 29.) On that same day, Plaintiff received another phone call
from Defendant. (Id. ¶ 31.) During the phone call, "Defendant
again tried to sell Plaintiff solar panels and tried to schedule
an appointment for solar panel installation." (Id.) On July
8, 2019, Plaintiff received another phone call from Defendant
"trying to sell Plaintiff solar panels." (Id. ¶ 33.) During the
July 8, 2019 phone call, "Plaintiff told Defendant to stop calling
him." (Id.) On July 19, 2019, Plaintiff received another phone
call from Defendant. (Id. ¶ 35.) During this phone call,

"Defendant again . . . attempt[ed] to sell Plaintiff its good[s] and services." (Id.)

Plaintiff "answered Defendant's calls and spoke to Defendant on the phone because he was so annoyed by the calls that he wanted to verify who was calling and why they were calling." (Id. ¶ 43.) "Plaintiff did not invite Defendant to call him" and was not "in the market for solar panels or solar panel installation." (Id. ¶ 42.) Plaintiff's cell phone number had "been registered on the National Do Not Call Registry since July of 2007." (Id. ¶ 41.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must

accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

The Amended Class Action Complaint asserts claims against Defendant under § 227(b) of the TCPA (Count I) and § 227(c) of the TCPA (Count II). Defendant now moves to dismiss the Amended Class Action Complaint in its entirety. As to Counts I and II collectively, Defendant argues that (1) Plaintiff failed to plead sufficient facts demonstrating that Defendant placed the alleged phone calls; (2) Defendant cannot be held vicariously liable for the alleged phone calls because Plaintiff "fail[ed] to plead that

the callers were acting as Defendant's agent" (Doc. #18, p. 7); and (3) Plaintiff failed to plausibly allege that Defendant used an Automatic Telephone Dialing System (ATDS).  As to Count II individually, Defendant argues it is entitled to dismissal because (1) Plaintiff failed to plausibly allege that he received a telephone solicitation; (2) Plaintiff invited Defendant's phone calls; and (3) Plaintiff failed to allege that the phone calls were placed to a residential landline.  The Court will address each argument in turn.

**A.  The TCPA**

The Court first briefly summarizes the relevant TCPA provisions and regulations.  Congress passed the TCPA to balance "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade."  Tel. Consumer Prot. Act of 1991, Pub. L. No. 102-243, § 2(9) (1991).  The TCPA prohibits "any person . . . [from making] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); see also Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266 (11th Cir. 2014)(The TCPA "makes it unlawful to make any call using an automatic telephone dialing system (an 'autodial system') to a cellular telephone without the prior

express consent of the 'called party.'"). Through its implementing regulations, the TCPA also prohibits telemarketing solicitation to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

The TCPA created a private right of action that allows a person to seek an injunction or monetary damages based upon a violation of § 227(b)-(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5). For each violation, a plaintiff can recover the greater of their actual monetary loss or $500. 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(c)(5)(B). Up to treble damages are available if the defendant committed a violation willfully or knowingly. 47 U.S.C. § 227(b)(3)(C); 47 U.S.C. § 227(c)(5)(C); see also Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1117 (11th Cir. 2014).

**B. Defendant's Arguments as to Counts I and II Collectively**

**(1) Whether Plaintiff Sufficiently Alleged that Defendant Made the Phone Calls to Plaintiff**

Defendant argues that "Plaintiff does not plead facts to support his conclusory allegation that Defendant placed the call[s]." (Doc. #18, p. 5.) The Court disagrees.

A defendant cannot be held directly liable under the TCPA

"unless it initiates a call . . . ."  In re Joint Petition Filed by Dish Network, LLC, 28 F.C.C. Rcd. 6574, 6582 (2013).  A party "initiates" a call when "it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call."  Id. at 6583.

Here, the Court finds no merit in Defendant's assertion that Plaintiff failed to allege that Defendant placed the phone calls at issue.  The Amended Class Action Complaint explicitly alleges that "Defendant initiated a call to Plaintiff's cellular telephone number" when "Defendant's employee, Diamond, attempted to sell Plaintiff solar panels and tried to setup a solar panel installation at Plaintiff's house."  (Doc. #13, ¶¶ 23, 26.) Plaintiff further alleges that the day after receiving this call, he received a text message from "Elijah from [M]omentum [S]olar," informing Plaintiff to call or text him "any questions about the solar program."  (Id. ¶ 29.)  Thus, Plaintiff has plausibly alleged that Defendant placed the phone calls to Plaintiff's cell phone.

Defendant, however, argues the Court should disregard these allegations because they "run[] directly against what Plaintiff pled in his initial complaint, i.e., that someone else initiated the call and then transferred it to Diamond."  (Doc. #18, p. 6.)

In so arguing, Defendant relies on a non-binding district court case for its assertion that a court should disregard the factual allegations in an amended complaint when such allegations "directly contradict[] the original complaint" in order to avoid a dispositive defense. <u>Fernandez v. Sch. Bd. of Miami-Dade Cty.</u>, 201 F. Supp. 3d 1353, 1361 n. 1 (S.D. Fla. 2016)(citations omitted).

The Court declines to adopt Defendant's position, which appears to conflict with the well-established rule that an "original pleading is abandoned by [its] amendment, and is no longer a part of the pleader's averments against his adversary." <u>Pintando v. Miami-Dade Hous. Agency</u>, 501 F.3d 1241, 1243 (11th Cir. 2007)(citation and quotation omitted). Indeed, the Eleventh Circuit has held in an unpublished opinion that a district court "abused its discretion by denying leave to amend on the basis that the [complaint and proposed amended complaint] contradicted each other." <u>Seiger v. Philipp</u>, 735 F. App'x 635, 637–38 (11th Cir. 2018). The court reasoned that "the Federal Rules do not prohibit contradictory pleadings".[1] <u>Id.</u> at 638.

---

[1] In any event, the Court disagrees that Plaintiff's amended pleading "runs directly against what Plaintiff pled in his initial complaint." (Doc. #18, p. 6.) Defendant contends that Plaintiff's initial pleading is contradicted by the Amended Class Action Complaint because the original complaint alleges that "someone else initiated the call," whereas Plaintiff now alleges that Defendant's employee initiated the call. (<u>Id.</u>) Defendant misreads the initial pleading. In it, Plaintiff alleged that

**(2)  Vicarious Liability**

Defendant argues it is entitled to dismissal of Counts I and II because Plaintiff failed to plausibly allege "that Defendant is vicariously liable for the alleged call[s]."  (Doc. #18, p. 7.) In response, Plaintiff asserts he "is not alleging that Defendant is [vicariously] liable. The allegations are that Defendant is directly liable because it placed the calls at issue in this case." (Doc. #21, p. 5.)  However, the Amended Class Action Complaint does include language indicative of a vicarious liability theory: Plaintiff alleges in Count I that "Defendant – or third parties directed by Defendant – used an automatic telephone dialing system to make non-emergency marketing telephone calls to the cellular telephones of Plaintiff and other members of the Class."  (Doc. #13, ¶ 59.)

To the extent that the Amended Class Action Complaint alternatively asserts a vicarious liability TCPA claim, such a claim is deemed withdrawn, and Plaintiff's allegation that "third parties directed by Defendant" used an ATDS to call Plaintiff and other class members is stricken from the Amended Class Action

---

"Defendant called Plaintiff's cellular telephone number" using an ATDS and then transferred the call to a live person when Plaintiff answered the phone.  (Doc. #1, ¶¶ 25-28.)  Similarly, Plaintiff alleges in the Amended Class Action Complaint that "Defendant initiated a call to Plaintiff's cellular telephone number" using an ATDS and that Plaintiff was then greeted by "Diamond," a Momentum Solar employee, when he answered the phone.  (Doc. #13, ¶¶ 23-24.)

Complaint.  Because Plaintiff has clarified that he is asserting that Defendant "placed the calls at issue in this case," (Doc. #21, p. 5), the Court finds that Defendant's arguments regarding vicarious liability are inapplicable to Plaintiff's direct liability TCPA claim.  See e.g. In re Dish Network, LLC, 28 F.C.C. Rcd. at 6583 (Under a direct liability theory, an "entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call.").

### (3)  Use of an ATDS

Defendant argues that Plaintiff has failed to allege that Defendant violated the "TCPA through the use of an ATDS."  (Doc. #18, p. 12.)  The Court disagrees.

As noted *supra*, the TCPA prohibits the use of "any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A).  The TCPA defines an ATDS as equipment with the capacity (1) "to store or produce telephone numbers to be called, using a random or sequential number generator"; and (2) "to dial such numbers."  47 U.S.C. § 227(a)(1); Glasser v. Hilton Grand Vacations Co., LLC,___ F.3d ___, 2020 WL 415811, at *2 (11th Cir. Jan. 27, 2020).

Defendant contends that it is entitled to dismissal of Counts I and II because Plaintiff failed to allege "that his callers, whoever they might be," used an ATDS.  (Doc. #18, p. 12.) Defendant reasons that Plaintiff's allegation that Defendant

called him using an ATDS because the "call[s] opened with a 'pause'" are simply "[t]erse, conclusory allegations." (Id.) The Court disagrees.

Although Defendant argues otherwise, Plaintiff's allegation that Defendant called him using an ATDS is not solely premised on the "pause" he heard upon answering the phone. In the Amended Class Action Complaint, Plaintiff alleges that Defendant called him using an ATDS because (1) he heard a long pause upon answering the phone, which is indicative of the use of ATDS technology; (2) Defendant called Plaintiff using a "spoofed" phone number, which is "consistent with [the] use of an ATDS" (Doc. #13, ¶ 28); and (3) other individuals have made internet complaints that Defendant makes unsolicited "robocalls." (Id. ¶ 25.)

Courts have routinely found such allegations sufficient to plausibly allege the use of an ATDS. See Lawson v. Mid-Atl. Fin. Co., No. 8:18-CV-2451-T-33TGW, 2018 WL 6249791, at *3 (M.D. Fla. Nov. 29, 2018); Wijesinha v. Bluegreen Vacations Unlimited, Inc., No. 19-20073-CIV, 2019 WL 3409487, at *6 (S.D. Fla. Apr. 3, 2019). For instance, the court in Lawson found the plaintiff plausibly alleged the use of an ATDS based upon "the frequency of the [alleged] calls, sometimes on the same day, and the sound of a 'beep' or pause on the line before she was connected to a representative." Lawson, 2018 WL 6249791, at *3. Similarly, the court in Wijesinha found the plaintiff plausibly stated that the

defendant used an ATDS based upon "descriptions of a pause before connection," the defendant's job postings "seeking employees with knowledge of an ATDS," and multiple claims from other consumers alleging the use of an ATDS . . . ." Wijesinha, 2019 WL 3409487, at *6. Based upon the totality of the allegations in the Amended Class Action Complaint (the long pause, the use of a "spoofed" number, and the consumer complaints), the Court finds that Plaintiff has plausibly alleged that Defendant called him with an ATDS.

The Court is unpersuaded by Defendant's reliance on Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1308 (S.D. Fla. 2016) and Smith v. Aitima Med. Equip., Inc., No. EDCV1600339ABDTBX, 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016) for its assertion that such allegations are insufficient to survive dismissal. In Martin, the court found that a plaintiff's belief "that an ATDS was used based on 'clicks,' 'delays,' or 'dead air'" was insufficient to create an issue of material fact at summary judgment. Martin, 192 F. Supp. 3d at 1308. Because this case is at the motion to dismiss stage, Martin is procedurally inapposite. And in Smith, the court found that when a plaintiff's ATDS claim is solely based upon a single call, "[o]ne call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level." Smith, 2016 WL 4618780, at *6. Because Plaintiff's allegations are not based upon a single call, Smith is

likewise unpersuasive in this case.

The Court is also unpersuaded by Defendant's contention that Plaintiff failed to satisfy the other "half [of] the ATDS definition" because Plaintiff has not alleged that his phone number was "selected at random, or in some sequential order . . . ." (Doc. #18, p. 13.)  In so arguing, Defendant cites to <u>Gonzalez v. Ocwen Loan Servicing, LLC</u>, for its contention that "a device only qualifies as an ATDS under the TCPA if it has the present ability to generate random or sequential telephone numbers and dial them." <u>Gonzalez v. Ocwen Loan Servicing, LLC</u>, No. 5:18-CV-340-OC-30PRL, 2018 WL 4217065, at *8 (M.D. Fla. Sept. 5, 2018).  While that statement is undoubtedly true, 47 U.S.C. § 227(a)(1), the court in <u>Gonzalez</u> did not state that a TCPA plaintiff must allege facts as to the specific dialing capabilities of a TCPA defendant's dialing equipment.  Indeed, the court in <u>Gonzalez</u> found that the plaintiff sufficiently alleged the use of an ATDS based upon his allegation that he "hear[d] a pause when he answered before hearing a voice plus his allegation that that [the defendant] used an ATDS." <u>Gonzalez</u>, 2018 WL 4217065, at *7.  The court reasoned that "there is no way for a plaintiff to know the technological capabilities of the device used to place a call short of a caller admitting the fact presuit or the plaintiff learning that information during discovery."  <u>Id.</u>

For the foregoing reasons, the Court finds that Plaintiff has

plausibly alleged the use of an ATDS at this stage of the proceedings.[2]

## C.  Defendant's Arguments as to Count II

Count II asserts a claim against Defendant under § 227(c)(5) of the TCPA, which creates a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under" the TCPA.  The Federal Communications Commission (FCC) "promulgated regulations creating a national do-not-call list and requiring telemarketers to maintain their own internal do-not-call lists." Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019)(emphasis in original).  The "National Do Not Call Registry is maintained by the federal government," and the regulations implemented by the FCC prohibit telemarketers from soliciting a "residential

_____

[2] Without citation to the Amended Class Action Complaint, Defendant also asserts that Plaintiff's "interest in Defendant's services cuts against any ATDS inference" because "[a] party called because he expressed interest in a potential transaction is not a party called via random or sequential cycling."  (Doc. #18, p. 13.)  It is unclear to the Court the basis on which Defendant believes Plaintiff expressed interest in Defendant's services. The Amended Class Action Complaint explicitly states that Plaintiff "was not familiar with Defendant or its good and services prior to the June 27, 2019 call"; that "Plaintiff did not invite Defendant to call him"; and that "Plaintiff told Defendant to stop calling him."  (Doc. #13, ¶¶ 33, 42.)  Thus, based upon the allegations in the Amended Class Action Complaint, Defendant's argument that Plaintiff expressed interest in Defendant's services is unsupported.

- 14 -

telephone subscriber who has registered his or her telephone number on the" National Do Not Call Registry.  47 C.F.R. § 64.1200(c)(2).  This prohibition also applies "to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers . . . ."  47 C.F.R. § 64.1200(e).  The FCC's regulations "presume [that] wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers.'" In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003).

Defendant argues that even if the Amended Class Action Complaint sufficiently states a claim, Count II should be dismissed for three reasons.  Specifically, Defendant argues it is entitled to dismissal of Count II because (1) Plaintiff failed to allege facts demonstrating that he received telephone solicitations; (2) Plaintiff invited the calls; and (3) Plaintiff failed to allege that he received phone calls at a residential landline.

**(1)  Whether Plaintiff Sufficiently Alleged That He Received Phone Solicitations.**

Defendant argues that Plaintiff alleges "no facts . . . that indicate the calls subsequent to June 27, 2019, were telephone solicitations."  (Doc. #18, p. 14.)  Defendant contends that Plaintiff only recites the TCPA statutory language that Defendant's "calls were 'for the purposes of marketing and solicitation.'" (Id. p. 15.)  The Court disagrees.

Defendant is indeed correct that "[t]hreadbare recitals of the elements of a cause of action" are insufficient to state a legally sufficient claim. Iqbal, 556 U.S. at 678. The Amended Class Action Complaint, however, does not merely recite the TCPA statutory language without supporting facts. For example, while Plaintiff does quote the TCPA language that Defendant called him for the "purposes of marketing and solicitation," Plaintiff supports that contention by alleging that Defendant "tried to sell [him] solar panels and tried to schedule an appointment for solar panel installation" during the phone calls. (Doc. #13, ¶ 31, 33, 35.) Although Defendant argues otherwise, an alleged phone call seeking to sell and install solar panels is a business solicitation under the TCPA. See 47 C.F.R. § 64.1200(f)(14)("The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."). The Court thus finds that Plaintiff has sufficiently alleged that he received phone solicitations from Defendant.

**(2)  Whether Plaintiff Invited the Calls**

Defendant also argues it is entitled to dismissal of Count II because Plaintiff invited the alleged phone calls made by Defendant. Citing to 47 C.F.R. § 64.1200(f)(5), Defendant appears to argue that Plaintiff and Defendant had a preexisting business

relationship, thus indicating that Plaintiff invited Defendant's calls.

> 47 C.F.R. § 64.1200(f)(5) provides that:

> The term established business relationship for purposes of telephone solicitations means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

The Amended Class Action Complaint contains no allegations – and Defendant cites to none – stating that Plaintiff made a purchase or transaction from Defendant within eighteen months prior to receiving Defendant's alleged calls, or that Plaintiff inquired about Defendant's services within three months prior to receiving Defendant's alleged calls.  The Court thus finds no basis for concluding at this stage of the proceedings that Plaintiff and Defendant had a preexisting business relationship as set forth in 47 C.F.R. § 64.1200(f)(5).[3]  And because the Amended Class Action

---

[3] Defendant appears to argue that the parties shared a preexisting business relationship because, during the June 27, 2019 phone call, Plaintiff asked "who was calling and why they were calling."  (Doc. #13, ¶ 43.)  It is clear from the language of 47 C.F.R. § 64.1200(f)(5) that asking who is calling and why – on a call that "Plaintiff did not invite" (Doc. #13, ¶ 43) - cannot serve as the basis for establishing a preexisting business relationship.

Complaint explicitly states that "Plaintiff did not invite Defendant to call him . . . prior to the June 27, 2019 call," the Court finds no merit in Defendant's assertion that the Amended Class Action Complaint establishes that Plaintiff invited Defendant's calls. To the extent Defendant relies on extrinsic evidence in asserting this affirmative defense, Plaintiff is "not required to negate an affirmative defense in [his] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citation and quotation omitted).

Defendant also appears to argue it is entitled to dismissal of Count II because 47 C.F.R. 64.1200(d)(3) of the "TCPA regulations allow a 30-day window for telemarketers to honor a consumer's do-not-call request." (Doc. #18, p. 16.) Defendant asserts that Defendant's calls were "well within the 30-day window" because Plaintiff alleges "he expressly told Defendant to cease calling him" on July 8, 2019 and the last called alleged by Plaintiff occurred on July 19, 2019. (Id.)

Title 47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." § 64.1200(d)(3) then establishes the minimum standards a telemarketer must meet, which includes

maintaining an internal do-not-call list.  Plaintiff, however, does not assert in Count II that Defendant violated § 64.1200(d). Instead, Plaintiff alleges that Defendant violated § 64.1200(c) by making business solicitation phone calls to Plaintiff while he was registered on the National Do Not Call Registry.  Thus, because Plaintiff does not assert a claim under § 64.1200(d), the § 64.1200(d)(3) 30-day window cannot serve as a basis for dismissal of Count II.  See e.g. Wagner v. CLC Resorts & Developments, Inc., 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014)("The 30-day grace period prescribed under 47 C.F.R. § 64.1200(d)(3) does not apply to a violation of 47 C.F.R. § 64.1200(c)(2)).

**(3)  Whether Count II is Applicable to Cell Phones**

Count II asserts that Defendant violated the TCPA when it placed a telemarketing call to Plaintiff's cell phone while Plaintiff's cell phone number was registered on the National Do Not Call Registry.  Defendant argues Count II should be dismissed because the TCPA only prohibits such calls if they are placed to a residential landline, not cell phones.  As noted *supra*, however, the TCPA regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers . . . ."  47 C.F.R. § 64.1200(e).  Thus, Plaintiff's failure to allege he

received calls on a landline does not warrant dismissal.

Defendant also argues it is entitled to dismissal of Count II because Plaintiff failed to plead that his phone is a "residential" line. Defendant is indeed correct that the relevant TCPA regulations only prohibit calls to "residential telephone subscriber[s]." 47 C.F.R. § 64.1200(c)(2). However, Plaintiff alleges in the Amended Class Action Complaint that his cell phone number "is not associated with a business and is for personal use." (Doc. #13, ¶ 40.) This allegation, coupled with the TCPA's presumption that "wireless subscribers who ask to be put on the national do-not-call list [are] 'residential subscribers,'" is sufficient to allege that Plaintiff is a residential telephone subscriber under the TCPA. In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. at 14039.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #18) is **DENIED.**

2. To the extent the Amended Class Action Complaint asserts a vicarious liability claim under the TCPA, that claim is **DEEMED WITHDRAWN** and Plaintiff's allegation that "third parties directed by Defendant" used an ATDS to call Plaintiff and other class members is **STRICKEN** from the Amended Class Action Complaint.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of January, 2020.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record