UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:19-cv-0535-JES-NPM

PERRY BECKER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**CLASS ACTION**

PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR,

    Defendant                                /

## ANSWER TO AMENDED CLASS-ACTION COMPLAINT

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by way of answer to the amended class-action complaint filed by Perry Becker ("Plaintiff"), hereby states as follows:

### NATURE OF THE ACTION

1. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, the allegations are denied.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Denied.

### JURISDICTION AND VENUE

7. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant states that it is not challenging subject-matter jurisdiction.

8. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant states that it is not challenging venue.

## PARTIES

9. Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

10. Denied.

## THE TCPA

11. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

12. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

13. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

14. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

15. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

16. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

17. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

18. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

19. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

20. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

21. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

22. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

## **FACTS**

23. Admitted.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Admitted.

31. Admitted.

32. Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

33. Denied.

34. Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

42. Denied.

43. Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

44. Denied.

45. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

46. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

47. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

48. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

### NUMEROSITY

49. Denied.

50. Denied.

### COMMON QUESTIONS OF LAW AND FACT

51. Denied.

52. Denied.

### TYPICALITY

53. Denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

54. Denied.

**SUPERIORITY**

55. Denied.

56. Denied.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the No Consent Class)

57. Defendant incorporates by reference its responses to all prior allegation as if fully stated herein.

58. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

63. Defendant incorporates by reference its responses to all prior allegation as if fully stated herein.

64. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

65. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

66. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

67. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond. To the extent a response is required, Defendant denies that it violated the TCPA.

68. Denied.

69. Denied.

70. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies each allegation set forth in the "Wherefore" paragraph of Plaintiff's amended class-action complaint, and specifically denies that Plaintiff is entitled to any relief whatsoever. Defendant hereby reserves its right to amend its answer and to assert any additional defenses as the facts and law warrant, including during the trial in this matter.

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

    a) Dismissal of the amended class-action complaint; and

    b) Such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's amended class-action complaint fails to state a cause of action.

      2.      Plaintiff's amended class-action complaint is barred by the doctrine of unclean hands.

      3.      Plaintiff's amended class-action complaint is barred by its failure to name necessary parties.

      4.      Plaintiff lacks proper legal standing to institute this lawsuit against Defendant.

      5.      Without prejudice to Defendants' argument that "prior express consent" is not an affirmative defense, Plaintiff's and the proposed classes' claims are barred or otherwise limited because they provided the requisite consent for the alleged phone calls.

      6.      Without prejudice to Defendants' argument that "established business relationship" is not an affirmative defense, Plaintiff's and the proposed classes' claims are barred or otherwise limited because they maintained an established business relationship with Defendant.

      7.      Plaintiff's and the proposed classes' claims are barred, in whole or in part, because Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telemarketing-related violations.

      8.      The TCPA and its corresponding regulations impose illegal content-based restriction on speech, in violation of the First Amendment of the Constitution of the United States.

      9.      Plaintiff's and the proposed classes' claims are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not the subscribers at the time of the call.

      10.      Plaintiff's and the proposed classes' claims are barred, in whole or in part, because they were not charged for the calls allegedly at issue in this matter.

      11.      Plaintiff's and the proposed classes' claims are barred, in whole or in part, by the doctrine of laches or are otherwise untimely.

12. Plaintiff's and the proposed classes' claims are barred, in whole or in part, by the doctrine of release.

13. Plaintiff's and the proposed classes' claims are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

14. Plaintiff's and the proposed classes' claims are barred, in whole or in part, by the doctrines of waiver and/or ratification.

15. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because any award would constitute unjust enrichment.

16. Plaintiff's and the proposed classes' claims are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

17. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because any alleged damages were not caused by Defendant, but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

18. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because of their failure to mitigate damages.

19. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the TCPA or its corresponding regulations.

20. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because Defendant did not negligently violate the TCPA or its corresponding regulations.

21. Plaintiff's and the proposed classes' claims are barred, in whole or in part, because Defendant substantially complied with the TCPA and its corresponding regulations.

22. The proposed classes should be stricken because they are fail-safe classes.

23. The class allegations should be stricken because individualized issues predominate over common questions of fact and law, including (but not limited to) the issue of prior express consent.

24. The class allegations should be stricken due to a lack of typicality.

25. The class allegations should be stricken because the identities of class members are not ascertainable.

26. The class allegations should be stricken because Plaintiff is not an adequate class representative.

27. Defendant reserves its right to supplement these defenses.

## JURY TRIAL DEMANDED

Defendant hereby demands a trial by jury on all issues raised by this litigation.

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2020, I electronically filed and served the foregoing pleading.

DATED: February 26, 2020

Respectfully submitted,

By: s/ Thomas J. Cotton

Josh Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

---and---

Thomas J. Cotton (*pro hac vice*)
SCHENCK, PRICE, SMITH & KING, LLP

                                  220 Park Avenue, P.O. Box 991
                                  Florham Park, NJ 07932-0991
                                  Tel: (973) 539-1000
                                  tjc@spsk.com