UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PERRY BECKER, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.                                             Case No:    2:19-cv-535-FtM-29NPM

PRO CUSTOM SOLAR LLC,

    Defendant.

## ORDER

This matter is before the Court on the following:

(1)     Motion to Compel Discovery (Doc. 29);

(2)     Non-Party Cody Becker's Motion to Quash Subpoena for Deposition and Motion for Protective Order (Doc. 37); and,

(3)     Motion for Protective Order to Allow for Videoconference or New Jersey Deposition (Doc. 42).

Briefly, this is a putative class action concerning alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. 13 at 1). Plaintiff claims that Defendant, who markets and sells solar products and services, allegedly initiated calls and texts to Plaintiff's cellular telephone to solicit sales. (*Id.* at 5-9). Plaintiff claims he registered his cellular telephone on the National Do Not Call Registry and never provided express consent or otherwise invited Defendant to contact him. (*Id.* at 9).

To resolve the outstanding discovery issues, the Court held a hearing on February 21, 2020. At the Court's direction and before the hearing, the parties filed a Joint Statement Regarding Plaintiff's Motion to Compel Discovery (Doc. 46), which significantly narrowed the issues presented in the motion to compel. Based on the Joint Statement, and other agreements between the parties and rulings made during the hearing, the Court memorializes the disposition of the issues presented.

**Motion to Quash (Doc. 37)**

The putative class representative's son, Cody Becker, seeks to avoid deposition on the grounds of harassment. But at the hearing, Plaintiff produced a declaration from Cody Becker concerning the consent issues related to his father's claim and implicating the potential individual inquiries necessary to resolve such issues for putative class members. The deposition, therefore, appears relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court denies the Motion to Quash (Doc. 37).

On a related note, attached as "Exhibit 3" to Defendant's written opposition to the motion (Doc. 47-2, pp. 6-48) is a records search with personal identifiers that should have been redacted. *See* M.D. Fla. Admin. Proc. for Elect. Filings (2015) at 10; *see also* Fed. R. Civ. P. 5.2. The Court finds this Exhibit was not necessary to determine the motion and, consistent with Rule 5.2 and this Court's electronic filings manual, directs the Clerk of Court to strike and remove Exhibit 3 (Doc. 47-2, pp. 6-48) from the docket.

**Motion for Protective Order (Doc. 42)**

Defendant requests that the deposition of its Rule 30(b)(6) designee take place in New Jersey or be conducted by video conference. Plaintiff argues that the deposition should be held in Orlando, Florida.

Generally, the deposition of a defendant foreign corporation's designee occurs at its principal place of business. *See Sovereign Health of Fla., Inc. v. City of Fort Myers*, No. 2:15-CV-265-FTM-29CM, 2016 WL 5870213, at *11 (M.D. Fla. Oct. 7, 2016) ("generally, a deposition of a corporate officer is ordinarily taken at its principal place of business 'especially, as is in this case, the corporation is the defendant'"); (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). This presumption may be overcome by a showing of several factors, including: (1) the location of counsel; (2) the number of corporate representatives a party is seeking to depose; (3) whether the deponents often travel for business purposes; (4) the equities regarding the nature of the claim and relationship of the parties; and (5) the financial burden on the corporation designating the representative. *Morera v. GeoVera Specialty Ins. Co.*, No. 2:18-CV-607-FTM-38UAM, 2019 WL 5085257, at *1 (M.D. Fla. Apr. 9, 2019).

As evidenced by the designee's declaration (Doc. 42-1) and as discussed during the hearing, the Defendant's principal place of business is New Jersey, the designee lives and works in New Jersey, and the designee does not travel to Florida for business. Further, the parties' counsel are not located within this district, the financial burden on the defendant would not be insignificant, and neither the relationship of the parties nor the nature of the claim make it equitable for the designee, at this stage, to appear within the

district for deposition. The Motion for Protective Order (Doc. 42) is therefore granted to the extent that the deposition of Defendant's designee shall be taken in New Jersey.

**Motion to Compel (Doc. 29)**

The Court groups the Interrogatories and Requests for Production that remain in dispute by topic and ruling.

<u>Interrogatory Nos. 1, 10; Request for Production Nos. 5, 6, 14, 22</u>

As narrowed by the parties at the time of the hearing, these requests concern the production of a call log for the Defendant's telemarketing calls related to the Defendant's "Gold Blended" campaigns, as well as the forms of consent obtained by Defendant to place such calls. Plaintiff seeks this information for purposes of class certification, asserting that it is germane to the issues of numerosity, ascertainably and the predominance of common over individual issues. In addition to determining the number of people called, Plaintiff seeks to confirm the feasibility of distinguishing between cellular and non-cellular phone numbers, identifying which phone numbers were on the do-not-call registry at the pertinent time, and matching the phone numbers to the name and address of putative class members.

But the extent and nature of the data within the Defendant's records also lies within the range of issues for which the defendant is to prepare and produce a designee for deposition. Furthermore, Plaintiff's proposal to redefine the document request as pertaining only to the "Gold Blended" campaigns was first revealed during the hearing, and so the Defendant and the Court were left without an adequate basis to assess burden or proportionality. So as to the call log, the request is denied without prejudice pending the 30(b)(6) deposition of the Defendant, with the Defendant admonished that the Court

may require a continuation of the deposition in Florida should the deposition reveal that the call log could have been produced prior to the deposition with minimal effort and the numerosity and feasibility inquires outlined above could not be meaningfully explored with the designee without it.

As for producing a representative sample of each form of consent obtained by the Defendant for the telemarketing calls associated with the Gold Blended campaigns, such a production not only appears relevant and proportional, but also likely to facilitate an efficient 30(b)(6) examination of the Defendant. Defendant shall either produce such samples at least two days prior to the Rule 30(b)(6) deposition of its designee, or it shall furnish a declaration to Plaintiff by March 2, 2020 attesting to the lack of feasibility to produce samples of these consents prior to the currently-noticed deposition. To avoid further discovery-motion practice on these topics, however, the parties are encouraged to continue to confer about these issues, including the potential rescheduling of the 30(b)(6) deposition, so as to avoid any need for the designee to be produced more than once, and to jointly approach the Court about any scheduling-order modifications that might be necessary to facilitate this objective.

Interrogatory No. 11; Request for Production Nos. 12, 21

As narrowed by the parties at the time of the hearing, these requests concern the production by Defendant of any contracts or other agreements with third parties that supplied telemarking leads for its Gold Blended campaigns, including correspondence and other documents describing the leads sought by Defendant and furnished by the third parties if such descriptions are not otherwise set forth in the documents that comprise the contracts or agreements. To the extent this production request relates to phone

numbers contacted by Defendant during the proposed class period, it appears relevant and proportional, and Defendant shall therefore produce such documents at least two days prior to the 30(b)(6) deposition of its designee, and no later than March 7, 2020.

Request for Production Nos. 15, 16, 17

As narrowed by the parties at the time of the hearing, these requests concern scripts or training materials related to the Gold Blended campaigns and in use during the proposed class period. These production requests appear relevant and proportional, and Defendant shall therefore produce such documents at least two days prior to the 30(b)(6) deposition of its designee, and no later than March 7, 2020.

Request for Production Nos. 24, 25

As narrowed by the parties at the time of the hearing, these requests concern: "Documents sufficient to identify all user interfaces of the application You utilize to transmit/make Phone Calls;" and "Documents sufficient to identify all user interfaces of the application You utilize to transmit/make the Subject Phone Call." To the extent they relate to telemarking calls made during the proposed class period and as part of the Gold Blended campaigns, these requests appear relevant and proportional. Defendant shall therefore produce such documents in the form of screen shots by March 7, 2020.

Accordingly, it is hereby **ORDERED**:

(1) The Motion to Quash (Doc. 37) is **DENIED**, and the deposition of Cody Becker may go forward.

(2) The Motion for Protective Order (Doc. 42) is **GRANTED** to the extent that the deposition of Defendant's designee shall be taken in New Jersey, and in all other respects **DENIED**.

(3)  The Clerk of Court is directed to strike and remove Exhibit 3 to Doc. 47-2 (pp. 6-48) and indicate on the docket that this portion of Doc. 47-2 was stricken pursuant to this Order.

(4)  For the reasons stated on the record and as set forth above, the Motion to Compel Discovery (Doc. 29) is **GRANTED in part, DENIED in part, and rendered MOOT in part.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 28, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties