UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO: 2:19-cv-00535-FTM-28NPM

**PERRY BECKER,**
individually and on behalf of all
others similarly situated,

   **CLASS ACTION**

  Plaintiff,

   **JURY TRIAL DEMANDED**

v.

**PRO CUSTOM SOLAR LLC d/b/a
MOMENTUM SOLAR,**

  Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Perry Becker, in accordance with Local Rule 1.09, respectfully requests leave to file his Renewed Motion to Compel Discovery (the "Motion"), and corresponding exhibits under seal.

**I. LEGAL STANDARD**

While the public has a right of access to judicial records, this right may be overcome by a showing of good cause by the party seeking protection. *See Patent Asset Licensing, LLC v. Bright House Networks*, LLC, No. 3:15-cv-742-J-32MCR, 2016 U.S. Dist. LEXIS 68056, at *2-3 (M.D. Fla. May 24, 2016) (*citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1313 (11th Cir. 2001); *Romero v. Drummond Co*., 480 F.3d 1234, 1245 (11th Cir. 2007)).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" *Patent Asset Licensing, LLC*, 2016 U.S. Dist. LEXIS 68056, at *4 (*quoting NXP B.V. v. Research In Motion, Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2013

U.S. Dist. LEXIS 115576, 2013 WL 4402833, *2 (M.D. Fla. Aug.15, 2013)). There is good cause to seal material that contains confidential, commercial, and/or proprietary information. *See Chi. Tribune Co.*, 263 F.3d at 1310–14; *Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948 at *1 (M.D. Fla. Feb. 1, 2016) (granting motion to seal documents containing confidential information about the parties' business plans, pricing information, and client contacts).

Under Local Rule 1.09(a), a motion to seal should include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

## II. FACTS

On February 28, 2020, the Court entered an Order on Plaintiff's original motion to compel. [DE 52]. On March 9, 2020, Plaintiff took the deposition of Defendant's 30(b)(6) witness, Jeffrey Anclien. As discussed in detail in the Motion, Mr. Anclien testified that Defendant was in possession of documents that were responsive both to Plaintiff's discovery and the Court's Order, but that were not (and have not been) produced. Defendant stands by its objections and will not produce these documents. Plaintiff intends to file a renewed motion to compel.

## III. MEMORANDUM OF LAW

### A. Local Rule 1.09(a): Identification and Description of Each Item Proposed for Sealing

Plaintiff's Motion will discuss in detail and attach the following documents, that have been labeled Confidential by Defendant:

- Declaration of Jeffrey Anclien Regarding Supplemental Production: This declaration describes Defendant's calling practices, the volume of calls placed by Defendant for specific campaigns, the burden to Defendant for producing call logs and consent for those campaigns. Defendant has labeled this declaration as Confidential.

- Deposition Transcript of Defendant's 30(b)(6) Witness Jeffrey Anclien: Plaintiff's Motion cites extensively to Mr. Anclien's deposition testimony. Plaintiff's Motion also attaches the deposition transcript for the Court's review and discusses in detail the testimony. Defendant has designated almost all of the pages that Plaintiff will cite as Confidential. During his deposition, Mr. Anclien testified regarding Defendant's business practices, its marketing strategy, and other topics which Defendant claims contains Confidential information.

- Purported Consent Information: Plaintiff's Motion discusses the consent information that has been provided by Defendant for its calls to Plaintiff. This consent document contains personal information for a Mr. Cody Becker, a non-party to this suit, including phone number, email address, and IP address of the computer purportedly used to fill out the consent form.

- Call logs specific to Plaintiff's Calls: Plaintiff's Motion discusses and attaches call logs produced by Defendant for calls placed to Plaintiff. Defendant has designated these logs as Confidential. The logs contain phone number, dates, internal designations regarding each call, and Defendant's agents' names.

B.     **Local Rule 1.09(ii)-(iii): Filing and Sealing of Each Item Is Necessary**

Because of the detailed factual nature of Plaintiff's Motion, Plaintiff must file these materials and discuss them in detail to explain to the Court why further discovery should be compelled. Discussing these materials in generalities would not give the Court the information it

needs to make an informed decision on Plaintiff's Motion. Even if Plaintiff were not to attach the documents as exhibits, the discussion of them would convey information which Defendant has designated Confidential. As a result, Plaintiff is unable to file the Motion and exhibits without violating the Confidentiality Order unless leave to file under seal is granted. The Court will be unable to make an informed decision on Plaintiff's Motion without this information.

### C. Rule 1.09(a)(iv): The Duration of the Proposed Sealing

Plaintiff respectfully requests that the proposed sealed filings be maintained under seal for one-year after the resolution of any appeals in this matter, at which time the proposed sealed filing should be destroyed.

### D. Rule 1.09(a)(v): Legal Authority in Support of Proposed Sealing

A party's privacy or proprietary information can overcome the public's interest in accessing information contained in judicial records. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In fact, courts in this district generally agree that an order to seal is necessary to protect the information of putative class members and innocent third parties. *See U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (sealing a customer list containing contact information for individuals, including numbers for cell phones, home phones, fax numbers and potentially home addresses); *Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015) (sealing a class list containing personal identifying information of the putative class members that required confidentiality); *Calderone v. Scott*, No. 2:14–cv–519–FTM–29CM, 2015 WL 4395623, at *4 (M.D. Fla. July 16, 2015), *rev'd on other grounds*, *Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016) (requiring the putative class members' names, addresses, and email addresses to be kept confidential).

Like personal identifying information, a party's proprietary interest in sensitive business information can also overcome the public's interest in accessing the information and courts in this district consider this a compelling factor when deciding motions to seal. *See Romero*, 480 F.3d at 1246 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that courts may deny access to documents that are "sources of business information that might harm a litigant's competitive standing"); *Molloy v. Boynton*, No. 3:17-CV-1157-J-20MCR, 2017 WL 4700484, at *2 (M.D. Fla. Oct. 19, 2017) (granting Plaintiff's motion to seal where the document at issue contained confidential and proprietary business information that would cause competitive harm if released).

In this context, courts have ordered the sealing of documents such as those described herein.  For example, courts in this district have held that employee training materials warrant protection from disclosure.  *See Westfall*, 2008 WL 5341140, at *4.  Similarly, courts have permitted parties to protect their confidential and sensitive business information by order the sealing of deposition transcripts discussing the same. *See, e.g., Barkley*, 2015 WL 5915817, at *3 (granting Defendant's motion to seal a deposition that contained confidential information regarding Defendant's business operations); *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *1–2 (M.D. Fla. Oct. 31, 2013) (granting Plaintiff's motion to seal deposition transcripts containing sensitive business information, where disclosure of this information could injure Plaintiff).

Courts have also recognized that confidentiality of a company's customer data collected over time, such as the included in the Data Documents here, is essential to a company's competitiveness in the market. *See generally Bansbach Easylift of N. Am., Inc. v. Reve*, No. 608CV1907ORL22GJK, 2009 WL 10670230, at *3 (M.D. Fla. Mar. 25, 2009) ("[T]he customer

lists are compilations of market research data acquired over years of business transactions that derives economic value from not being generally known to other persons.").

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests an Order instructing the Clerk to file Plaintiff's Renewed Motion to Compel under seal until one-year after the resolution of any appeals in this matter.

## LOCAL RULE 3.01 CERTIFICATE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for Plaintiff conferred with counsel for Defendant regarding the issues raised in this motion, and Defendant does not oppose the relief requested herein.

Respectfully Submitted,

Date: April 20, 2020

| **IJH Law** | **HIRALDO P.A.** |
|---|---|
| /s/ Ignacio J. Hiraldo | Manuel S. Hiraldo |
| Ignacio J. Hiraldo, Esq. | Florida Bar No. 030380 |
| Florida Bar No. 0056031 | 401 E. Las Olas Boulevard Suite 1400 |
| 1200 Brickell Ave Suite 1950 | Ft. Lauderdale, Florida 33301 |
| Miami, FL 33131 | Email: mhiraldo@hiraldolaw.com |
| Email: ijhiraldo@ijhlaw.com | Telephone: 954-400-4713 |
| Telephone: 786.496.4469 | **Trial Counsel** |

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

6

**Counsel for Plaintiff and the Class**

Case 2:19-cv-00535-JES-NPM   Document 56   Filed 04/20/20   Page 7 of 7 PageID 543

**Counsel for Plaintiff and the Class**