UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO:  2:19-cv-00535-FTM-28NPM

**PERRY BECKER,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**PRO CUSTOM SOLAR LLC d/b/a
MOMENTUM SOLAR,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Perry Becker, hereby renews his motion to compel Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum" or "Defendant") to produce documents responsive to Plaintiff's First Request for Production and to provide responsive answers to Plaintiff's First Set of Interrogatories.

**I.  INTRODUCTION**

Defendant has failed to produce documents that this Court ordered it to produce and which Defendant's 30(b)(6) deposition revealed Defendant is in possession of.  Further, during Defendant's deposition, Plaintiff uncovered that Defendant is in possession of other documents that were responsive to Plaintiff's first set of discovery and that were never produce.  Despite numerous attempts to meet and confer, Defendant refuses to change its position that Plaintiff is not entitled to any of these documents.  Plaintiff respectfully requests that the Court order Defendant to comply with its discovery obligations and that the Court consider sanctions to deter similar conduct from the Defendant going forward.

II. **FACTS**

On February 28, 2020, the Court entered an Order on Plaintiff's original motion to compel. [DE 52]. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because of this declaration, on March 5, 2020, Plaintiff further narrowed his requests for call logs to (1) telephone calls and/or prerecorded messages (2) placed by or on behalf of Defendant (3) on the same dates as the calls placed to Plaintiff (4) to consumer leads obtained from the same source as the lead information for Plaintiff (i.e. from vendors Jack and Jill and Leadgenisis). *See* Email Between Counsel, attached as **Exhibit B**, at PCS-MTC-000009. On March 6, 2020 at 10:16 pm EST, three days before Defendant's 30(b)(6) deposition, Defendant produced some call logs based on this narrowing. *Id.* at PCS-MTC-000008. On the morning March 7, 2020, Plaintiff informed Defendant that these logs did not contain the telephone numbers that the calls were placed to. *Id.* On Sunday March 8, 2020, the day before the deposition, Defendant produced call logs with telephone numbers. *Id.* Approximately three hours later, Plaintiff informed Defendant of numerous issues related to these logs, including that (1) logs for certain days were missing and (2) the total number of calls for the logs produced with telephone numbers did not match the total number of calls for the logs produced without telephone numbers. *Id.* at PCS-MTC-000007. No additional logs were produced in response to Plaintiff's email, and to date, no other logs have been produced. As to consent, Defendant has produced, in an email from its counsel, a single screenshot of a website and information regarding Plaintiff's purported consent. Email from Defendant's Counsel, attached as **Exhibit B**, at PCS-MTC-000013. No other sample consent forms have been produced for either Plaintiff or the class.

On March 9, 2020, Plaintiff took the deposition of Defendant's 30(b)(6) witness, Jeffrey Anclien. *See,* Deposition Transcript Excerpts of Defendant's Corporate Designee, Jeffrey Anclien

2

(the "Anclien Depo"), attached as **Exhibit C**. As discussed in detail below, ███████████

███████████

███████████

███████████

███████████

Following Mr. Anclien's deposition, on March 10, 2020, Plaintiff again attempted to obtain these documents from Defendant. See **Exhibit B** at PCS-MTC-00006-7; *see also id.* at PCS-MTC-000005 (March 17, 2020 email from Plaintiff's counsel again requesting documents to be produced); *id.* at PCS-MTC-000004 (March 18, 2020 email from Plaintiff's counsel again requesting documents to be produced). On March 19, 2020, Plaintiff's Counsel and Defendant's counsel spoke telephonically regarding this issue. *See, e.g., id.* at PCS-MTC-000002. On March 20, 2020, Defendant informed Plaintiff it would not be producing these documents because of, among other reasons, "overwhelming costs[.]" *Id.* at PCS-MTC-000002. This argument of undue burden is contrary to Defendant's own deposition testimony regarding burden.

Despite repeated attempts to confer with Defendant, and Defendant's own testimony that these documents are available and do not require undue burden to produce, Defendant has not produced a single new document. Finally, because of Mr. Anclien's inability to answer questions for many topics, Plaintiff has scheduled a continued 30(b)(6) deposition, to be conducted by video, on June 1, 2020.[1]

### III.   LEGAL STANDARD

"Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court." *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No.

---

[1] ███████████ There are many more areas where Mr. Anclien was unable to answer.

5:16-cv-597-Oc-30PRL, 2017 U.S. Dist. LEXIS 111231, at *11 (M.D. Fla. July 18, 2017) (*citing Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). The rules "strongly favor full discovery whenever possible." *Brotz v. Simm Assocs.*, No. 6:17-cv-1603-Orl-40TBS, 2018 U.S. Dist. LEXIS 226954, at *4 (M.D. Fla. May 8, 2018) (*citing Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "The term 'relevant' is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Cinclips, LLC v. Z Keepers, LLC*, No. 8:16-cv-1067-T-23JSS, 2017 U.S. Dist. LEXIS 40251, at *3 (M.D. Fla. Mar. 21, 2017) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)); *see also Wright v. Dyck-O'Neal, Inc.*, No. 2:15-cv-249-FtM-38MRM, 2016 U.S. Dist. LEXIS 194902, at *4 (M.D. Fla. July 22, 2016).

## IV. ARGUMENTS FOR SPECIFIC ITEMS

### 1. Call Scripts and Training Materials

The Court's Order determined that Plaintiff is entitled to call scripts. Order at pg. 6. To date, no call scripts have been produced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendant has also not produced any training materials related to the calls.

Plaintiff respectfully request that the Court order Defendant to comply with its previous Order and produce these scripts and training materials.

### 2. Call Logs

Due to the purported burden of producing all Gold Blended Campaign call logs, Plaintiff narrowed his requests further to call logs for calls placed on the same dates as the calls to Plaintiff for which Defendant obtained the telephone number from the same lead source it obtained Plaintiff's

telephone number. *See* Exhibit B at PCS-MTC-000009. The call logs produced by Defendant based on this narrowing are deficient.

Defendant called Plaintiff using two calling platforms: Velocify and CallTools. ▬▬▬▬▬ ▬▬▬▬ Defendant's Amended Answers and Responses to Plaintiff's Combined First Set of Discovery Requests ("Defendant's Amended Answers"), Response to Interrogatory No 2, pg. 6., attached as **Exhibit D**.

First, the call logs that Defendant produced for the calls to just Plaintiff do not accurately reflect all of the days that Defendant called Plaintiff. *See* Calltools Logs for Plaintiff, attached as **Exhibit F**. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In other words, there are other calls which Defendant placed to Plaintiff and recorded, but that are not reflected on the logs. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiff requests that the Court order Defendant to produce complete logs from both platforms (Calltools and Velocify) for the calls placed specifically to Plaintiff.

Second, as to the class data, Defendant has not produced any call logs from the CallTools platform. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Plaintiff requests that the Court order Defendant to produce the Calltool logs for the class.

Third, again as to the class data, the call logs that Defendant produced from the Velocify platform are deficient. On March 6, 2020 at 10:16 pm EST, three days before Defendant's 30(b)(6)

5

deposition, Defendant produced some call logs based on this narrowing.  Exhibit B at PCS-MTC-000008.  On the morning March 7, 2020, Plaintiff informed Defendant that these logs did not contain the telephone numbers that the calls were placed to.  *Id*.  On Sunday March 8, 2020, the day before the deposition, Defendant produced call logs with telephone numbers.  *Id*.  Approximately three hours later, Plaintiff informed Defendant of numerous issues related to these logs, including that (1) logs for certain days were missing and (2) the total number of calls for the logs produced with telephone numbers did not match the total number of calls for the logs produced without telephone numbers.  *Id*. at PCS-MTC-000007.



Plaintiff requests that the Court order Defendant to produce accurate Velocify call logs for the class.

3.  **Consent**

The Court order Defendant to produce sample consent forms or furnish a declaration by March 2, 2020 of why it could not do so.  Order at pg. 5.  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  Based on the purported burden of producing consent forms for the Gold Blended Campaign, Plaintiff narrowed his request to only consent from the two lead generators that sent Defendant Plaintiff's telephone number: Jack and Jill and Leadgenesis.  To date, Defendant has only produced a single screenshot of a website, myratechecker.com, for its purported consent specifically for Plaintiff.  *See* Plaintiff's Purported Consent, attached as **Exhibit E**; ▆▆▆▆▆▆▆

Defendant has not produced any other sample consent forms for the two lead generators at issue for the class.



While Defendant claims to have obtained Plaintiff's information on three separate dates from two vendors (Jack and Jill and Leadgenesis), *see* Exhibit D at Interrogatory No. 3 pg. 6, it has only produced one screenshot for its purported consent for Plaintiff.

Plaintiff requests that the Court order Defendant to (1) produce samples of the consent it intends to rely on for the class, (2) produce complete consent information for Plaintiff, and (3) in the event that Defendant fails to produce such consent because of purported burden, prohibit it from doing so in the future as an attempt to defeat class certification or summary judgment.

4. **Amended Interrogatory Number 2**

Defendant's amended response to Interrogatory No. 2 states, "Defendant further responds that with respect to the calls made to Plaintiff it utilized Velocify as a lead-management software and Call Tools as a contact-center software." Defendant's Amended Answers at pg. 6. In reality, Defendant used both the Velocify and Call Tools platforms to place calls to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiff requests that the Court order Defendant to correct its response.

5. **Amended Interrogatory Number 3**

Defendant's amended response to Interrogatory No. 3 states, "Plaintiff notes that it received

7

Plaintiff's information from third parties Lead Genesis, on or about March 15, 2019, and June 28, 2019, and Jack and Jill, on or about June 6, 2019." Defendant's Amended Answers, at pg. 7. The only lead information produced to Plaintiff states that the lead was entered on June 10, 2019. Exhibit E. ████████████████████████████████████ Plaintiff requests that the Court order Defendant to correct its response or produce a complete set of Plaintiff's lead information.

6. **Amended Interrogatory Number 9**

Defendant's amended response to Interrogatory No. 9 states, "Defendant responds to this Interrogatory by noting that upon information and belief, on June 10, 2019, Plaintiff consented in writing to being contacted by Momentum for solar-related inquiries." Defendant's Amended Answers, at pg. 8. In its Amended Interrogatory No. 3, Defendant claimed that it received the information four days before June 10, on June 6. Defendant's Amended Answers, at pg. 7. ████ ████████████████████████████████████ Plaintiff requests that the Court order Defendant to correct its response.

7. **Call Flow Protocols**

████████████████████████████████████ ████████████████████████ These call flow protocols are responsive to Plaintiff's First Request for Production Nos. 15, 16, and 17, among others. As this Court has already held, these types of training materials should have been produced. Independently, these documents are relevant to the number of times Defendant calls each number, which goes to Plaintiff's Do Not Call claims that allege that Defendant called individuals on the DNC List more than one time in a twelve-month period. Further, it is relevant to numerosity for class certification and whether the calls at issue were marketing. Plaintiff requests that the Court order Defendant to produce the call flow protocols.

8. **Leads Lists**

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████ Plaintiff's DNC claim requires Defendant to have called a number more than once in a twelve-month period. Because the call logs do not show whether a number was called before a specific date, Plaintiff requires the actual leads list for Jack and Jill and Leadgenesis to be able to determine when a lead first was sent to Defendant, and how many times that lead was called. ████████████████████████████████

████████████████████

Plaintiff requests that the Court order Defendant to produce these lists.

9. **Plaintiff's Lead Information**

Plaintiff's RFP No. 7 requested documents referring to Plaintiff. See Defendant's Amended Answers at pg. 14. Although Defendant stated that it would produce documents for this request, it has not produced the lead information for Plaintiff████████████████████████████. ████████
████████████████████

Plaintiff requests that the Court order Defendant to produce complete lead information for Plaintiff's lead from both the Calltools and Velocify platform.

10. **Call Recordings for All Calls Made to Plaintiff**

Defendant appears to have not produced all call recordings for all calls it placed to Plaintiff.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████████████████ Plaintiff requests that the Court order Defendant to produce all recordings for all calls it made to Plaintiff.

V. **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court issue an Order compelling the Defendant to fully answer the discovery identified above and imposing sanctions against Defendant in the form of an award of the attorneys' fees and costs in compelling Defendant's responses.

## LOCAL RULE 3.01 CERTIFICATE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for Plaintiff conferred with counsel for Defendant regarding the issues raised in this motion, but the parties have been unable to resolve the matters in dispute.

Date: April 27, 2020

**IJH Law**

/s/ Ignacio J. Hiraldo
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

**HIRALDO P.A.**

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713
**Trial Counsel**

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**Counsel for Plaintiff and the Class**